**KWAI CHIU YUEN, Petitioner,**

v.

**IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.**

**No. 22282.**

United States Court of Appeals
Ninth Circuit.

Jan. 16, 1969.

Joseph S. Hertogs (argued), of Jackson & Hertogs, Fallon, Hargreaves & Bixby, San Francisco, Cal., for appellant.

David R. Urdan (argued), Asst. U. S. Atty., Cecil Poole, U. S. Atty., C. E. Collett, Stephen M. Suffin, I.N.S., San Francisco, Cal., Joseph Sureck, Regional Counsel, San Pedro, Cal., for appellee.

Before HAMLEY, JERTBERG and CARTER, Circuit Judges.

HAMLEY, Circuit Judge:

Petitioner appeals from a final order entered by the Board of Immigration Appeals (Board) denying a motion to reopen his deportation case. In this motion he urged that he should be allowed to seek relief under section 249 of the Immigration and Nationality Act (Act), 8 U.S.C. § 1259 (1964), which, under certain circumstances, permits a record to be made of lawful admission for permanent residence.

Petitioner, a Chinese alien, entered the United States, in 1922. He was convicted in 1938 for violating California narcotics laws and served a term in state prison. The Governor of California, in 1965, granted a full and unconditional pardon for this offense, based on evidence of petitioner's rehabilitation.

In the meantime, in 1963, an order to show cause was issued by the Immigration and Naturalization Service charging that petitioner was deportable because of his narcotics conviction. Following a hearing on this order, a special inquiry

officer found that he was deportable but eligible for suspension of deportation under section 244(a) (2) of the Act, 8 U.S.C. § 1254(a) (2) (1964). This statutory provision requires action by Congress. See section 244(c) (3). However, Congress did not act favorably on his proposed suspension and, upon the reopening of the deportation proceedings in 1965, he was therefore ordered deported.

Following entry of the order of deportation, and relying upon the 1965 pardon by the Governor, petitioner moved to reopen his deportation case to apply for section 249 relief. The special inquiry officer denied this motion, holding petitioner was ineligible for this relief on the ground that he was, pursuant to section 212(a) (23) of the Act, 8 U.S.C. § 1182(a) (23) (1964), excludable because of his narcotics conviction. The officer held that the pardon was of no avail to petitioner because of the specific provisions of section 241(b) of the Act, 8 U.S.C. § 1251(b) (1964). The Board dismissed the appeal, holding that, in view of the statutory provisions, no purpose would be served by reopening petitioner's case.

The decision of the Board, as well as that of the special inquiry officer, was grounded upon application of the following statutory scheme: Section 249 of the Act, under which petitioner seeks relief, provides that a record of lawful admission for permanent residence may be made, at the discretion of the Attorney General, in the case of an alien who entered the United States prior to June 30, 1948, and who, among other requirements, can "satisfy the Attorney General that he is not inadmissible under section 1182(a) of this title [section 212(a) of the Act] insofar as it relates to * * * violators of the narcotics laws * * *."

Section 212(a) of the Act sets out excludable classes of aliens and provides, in subsection (a) (23), that an alien is excludable from admission into the United States if he has been convicted of a violation of any narcotics law. Although section 212 does not contain any specific provision about the effect of a pardon on such conviction, such a provision is found in section 241(b) of the Act, which deals with the effect of a pardon for deportation purposes.

Section 241 provides that an alien shall be deported upon the order of the Attorney General, if he is convicted of a crime involving moral turpitude (section 241(a) (4)) or a narcotics law violation (section 241(a) (11)). Subsection (b) of section 241 provides that section 241(a) (4) shall not apply if a full and unconditional pardon for the crime has been granted by the President or a Governor, or if a judicial recommendation against deportation has been entered. However, the last sentence of section 241(b) provides: "The provisions of this subsection shall not apply in the case of any alien who is charged with being deportable from the United States under subsection (a) (11) of this section." It is with the application of this last quoted portion that we are here concerned.[1]

Petitioner contends that the last sentence of section 241(b), which, in deportation proceedings, nullifies the effect of a pardon in narcotics conviction cases, is an unconstitutional abridgement of the power of executive clemency.

The doctrine of separation of powers is not clearly stated in the Constitution, but has been deemed to flow

1. Concerning the interrelation between the two sections, we agree with the Board, which held as follows in the case now before us:

> "A grant of permanent residence under Section 249 would not make the respondent immune from deportation because his pardon does not waive a narcotic conviction. Since the respondent would be subject to immediate deportation under Section 241(a) (11) of the Act once he was admitted and since there is a provision of Section 241(a) which renders an alien deportable if he was excludable by law at the time of entry, we find no logical reason to support a conclusion that the pardoning provisions of Section 241(b) apply to a narcotic ground of excludability without the limitation which denies the waiver to an alien 'who is charged with being deportable' as a narcotic violator."

naturally from the division of the federal government into three branches, each given enumerated powers. It is clearly a concept which operates as a constitutional limitation as between the branches of the federal government. See Kilbourn v. Thompson, 103 U.S. 168, 190, 26 L.Ed. 377; Springer v. Government of Philippine Islands, 277 U.S. 189, 201, 48 S.Ct. 480, 72 L.Ed. 845.

This concept, however, has no application in the area of federal-state relations. We are here concerned with federal legislative action (the statute in question), vis-à-vis state executive action (a gubernatorial pardon). Whatever the result would be if the clash were between the federal statute and a presidential pardon, we conclude that there is no room for the application of the doctrine of separation of powers under the circumstances of this case.

Apart from the doctrine of separation of powers there appears to be no legal basis for giving overriding effect in this case to the gubernatorial pardon granted petitioner. State attempts at control in the area of regulation of immigration have always been denied effect. It has been deemed that this area is one in which the federal government has exclusive dominion. See the discussion in Gordon and Rosenfield, Immigration Law and Procedure, § 1.5, pages 1–27. See also Fong Yue Ting v. United States, 149 U.S. 698, 13 S.Ct. 1016, 37 L.Ed. 905. This decision explicitly holds that the right to exclude or to expel aliens, or any class of aliens, is vested in the national government and Congress. See also Harisiades v. Shaughnessy, 342 U.S. 580, 589, 72 S.Ct. 512, 96 L.Ed. 586, which reaffirms this doctrine in specific terms.

It may be that some erosion of the theory of absolute Congressional power in the exclusion of aliens is taking place, particularly in the area of procedural due process rights. See the discussion in Gordon and Rosenfield, Immigration Law and Procedure, at § 4.3, pages 4–10. However, there is as yet no limitation on the power of Congress to designate certain classes of aliens as undesirable and to select criteria upon the basis of which aliens become subject to deportation. Thus, in Galvan v. Press, 347 U.S. 522, 74 S.Ct. 737, 98 L.Ed. 911, which upheld a section of the Internal Security Act of 1950 providing for deportation of any alien who has been a member of the Communist Party after entry, the Court stated at page 531, at page 743 of 74 S.Ct:

> "But that the formulation of these policies [policies pertaining to the entry of aliens and their right to remain in this country] is entrusted exclusively to Congress has become about as firmly embedded in the legislative and judicial tissues of our body politic as any aspect of our government." [2]

Petitioner further contends that this federal statutory scheme nullifies the effect of a full and unconditional pardon. He alleges that the Board has attached a disability to him on the basis of the conviction even though the conviction should be considered as "wiped out" by the act of the Governor in pardoning petitioner for the offense.

We do not regard this as a sufficient ground for invalidating the federal statute which commands such a result. It is true that, in Ex parte Garland, 71 U.S. 333, 18 L.Ed. 366, upon which petitioner heavily relies for his authority on the effect of a pardon, there is broad language to the effect that Congress cannot fix punishment beyond the reach of executive clemency, or consequences which attach to a conviction beyond the reach of executive clemency. But the Court was there speaking of federal executive clemency, not state.

Moreover, *Garland* and like cases deal with the effect of a pardon in releasing an offender from punishment. Accept-

---

2. With specific reference to deportation of aliens because of narcotic violation, see Maximilliano de la Cruz-Martinez v. Immigration and Naturalization Service, 9 Cir., 404 F.2d 1198.

ing as true the premise that a pardon, full and unconditional, federal or state, exempts the convicted person from punishment, it does not thereby exempt such person from deportation. As the Supreme Court stated in Mahler v. Eby, 264 U.S. 32, 39, 44 S.Ct. 283, 286, 68 L.Ed. 549: "It is well settled that deportation, while it may be burdensome and severe for the alien, is not punishment." See also Bugajewitz v. Adams, 228 U.S. 585, 591, 33 S.Ct. 607, 57 L.Ed. 978; Chabolla-Delgado v. Immigration and Naturalization Service, 9 Cir., 384 F.2d 360; Burr v. Immigration and Naturalization Service, 9 Cir., 350 F.2d 87, 91.

Affirmed.