George **CHROMIAK**, Appellant,

v.

Harold V. **FIELD**, Appellee.

No. 22449.

United States Court of Appeals
Ninth Circuit.

Jan. 24, 1969.

Rehearing Denied March 20, 1969.

Neri Ramos (argued), San Francisco, Cal., for appellant.

Thomas Kerrigan, Los Angeles, Cal. (argued), Thomas C. Lynch, Atty. Gen., Wm. E. James, Asst. Atty. Gen., Stanton J. Price, Deputy Atty. Gen., Los Angeles, Cal., for appellee.

Before POPE, HAMLEY and MERRILL, Circuit Judges.

HAMLEY, Circuit Judge:

George Chromiak, Jr., a California state prisoner, appeals from a district court order denying his application for a writ of habeas corpus. This is the third federal habeas proceeding he has instituted since his conviction for perjury, for which he is now serving a sentence of from one to fourteen years imposed on February 8, 1966.

At the time of his conviction on a jury verdict, Chromiak applied for probation, which was denied. He was then sentenced to imprisonment in a California penal institution. The judgment was affirmed in an unreported decision by the California District Court of Appeal for the Fourth Appellate District. Proceedings were then instituted before the trial judge, Superior Court Judge Gerald C. Thomas, to effect execution of the judg-ment, Chromiak having been released on bail pending the appeal.

Chromiak, purporting to proceed under California Code of Civil Procedure, section 170.6, filed a written motion and declaration to disqualify Judge Thomas from conducting this proceeding, it being alleged that the judge was prejudiced against him. Judge Thomas transferred this motion to Superior Court Judge Verne Warner for disposition. Judge Warner denied the motion, whereupon the case was remanded to Judge Thomas for sentencing.

Chromiak renewed his application for probation. It was denied and he was sentenced to prison for the term noted above. The orders denying Chromiak's renewed application for probation and denying his motion to disqualify the trial judge were thereafter affirmed in an unreported decision by the state appellate court named above.

In the habeas application now before us, Chromiak urges two grounds for relief. The first is that California Code of Civil Procedure, section 170.6, which he sought to invoke in moving for the disqualification of Judge Thomas, "is unconstitutional in that burden of proof shifted to petitioner, in violation of Fifth Amendment, applicable to the states (Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653)."

This contention apparently has reference to the fact that the trial judge did not treat the motion as a peremptory challenge to be granted without hearing, as contemplated by section 170.6(3). See Johnson v. Superior Court, 50 Cal.2d 693, 329 P.2d 5, 8. Instead, the trial court regarded it as a statement pursuant to California Code of Civil Procedure, section 170(5), objecting to the assigned judge because of asserted bias or prejudice. Under the latter procedure such a statement calls for a hearing on the question of prejudice before another judge, the burden of proof to establish bias or prejudice being upon the person so alleging. See Wickoff v.

James, 159 C.A.2d 664, 324 P.2d 661, 665.

■ It follows that since section 170.6 was not applied by the state court in this case, a contention that this statute is unconstitutional, however meritorious, provides no basis for granting Chromiak habeas relief. If his basic complaint is that the trial court applied section 170(5) when it should have applied section 170.6, he does not pose a federal constitutional question cognizable in this federal habeas proceeding, but only one of state law.[1]

■ However, it is fair to read Chromiak's habeas application as contending that, whichever statute was applied to the state court, the fact that he was required to carry the burden of proof as to bias and prejudice manifests an unconstitutional shifting of the burden of proof to him in his role as an accused in a criminal proceeding.

If the asserted shifting of the burden of proof had been in connection with the determination of guilt, a question would be presented as to whether Chromiak had been denied his Fifth Amendment privilege against self-incrimination, made applicable to the states under the Due Process Clause of the Fourteenth Amendment (Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489), or had been denied his rights under the Due Process Clause, standing alone. See Stump v. Bennett, 8 Cir., 398 F.2d 111, 122. See also, Johnson v. Bennett, 393 U.S. 253, 89 S. Ct. 436, 21 L.Ed.2d 415, 1968.

But a motion to disqualify a judge for bias or prejudice is collateral in nature, having no direct bearing upon the issue of guilt or innocence. Where an accused in a criminal prosecution is the moving party in such a collateral proceeding he may be required to accept the burden of proving facts entitling him to such relief. If he is so required no problem of self-incrimination is involved because guilt is not in issue. Nor can such a requirement be said to be oppressive in any sense which would run counter to due process, as such.

We therefore conclude that the district court did not err in rejecting this ground for habeas relief.

The second ground urged in Chromiak's application for a writ of habeas corpus was that California Penal Code, section 1203, paragraph 5, is repugnant to the Due Process Clause of the Fourteenth Amendment. This paragraph of section 1203 provides:

"In unusual cases, otherwise subject to the preceding paragraph, in which the interests of justice would best be served thereby, the judge may, with the concurrence of the district attorney, grant probation."

Chromiak's application provides no clue as to why this statutory provision is relevant in his case. However, in his traverse to the warden's return, Chromiak asserts, in effect, that although he was otherwise eligible for probation by the trial court in the exercise of its independent judicial discretion, he was denied probation because the district attorney did not concur therein, as required by this statutory provision. Chromiak's legal argument on this branch of the case appears to be that because the statute in question requires executive concurrence in the judicial act of granting probation, and prescribes no standard to be followed by the executive in granting or refusing concurrence, he has been deprived of his rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment and perhaps other provisions of the Constitution.

1. It is probable that the state trial court chose to regard Chromiak's disqualification effort as invoking section 170(5) instead of section 170.6, because of the likelihood that the hearing on probation and sentence would have to be regarded as a continuation of the original criminal trial, in which event a section 170.6 motion would not have been timely. See People v. Keller, 245 C.A.2d 711, 54 Cal.Rptr. 154.

We very much doubt that the Due Process and Equal Protection Clauses, or any other principle established by the federal Constitution are in any way involved, even assuming that the failure of Chromiak to obtain concurrence by the district attorney was the reason he was unable to obtain probation. The federal constitutional doctrine of separation of judicial and executive powers applies only to the operation of the federal government and is not binding upon the states. See Kwai Chin Yuen v. Immigration and Naturalization Service, 9 Cir., 406 F.2d 499, 1969. Resolution of an issue concerning separation of powers in a state constitution is for the courts of that state.

Chromiak does not allege that, in the matter of probation, executive concurrence was withheld from him on the basis of some invidious discrimination. Nor are we aware of any authority for the proposition that in granting of probation to one convicted of a state crime, a provision requiring executive concurrence denies due process unless legislative standards for the granting or denial of concurrence are specified.[2]

In any event, there is no reason to believe that the fifth paragraph of section 1203 was applied in acting upon Chromiak's application for probation. This paragraph, by its terms, applies only in "unusual cases, otherwise subject to the preceding paragraph * * *." The preceding paragraph of section 1203 provides that probation shall not be granted under a variety of described circumstances, most of which deal with crimes of violence.

There is no record support for the view that Chromiak falls into any class of persons who, under the fourth paragraph of section 1203, are ineligible for probation. As stated above, Chromiak apparently concedes in his traverse that he was eligible for parole. This being

the case, there was no occasion to invoke the fifth paragraph of section 1203 and the denial of probation cannot be charged against that provision.

In his briefs on this appeal, Chromiak asserts additional reasons why the district court erred in denying his habeas application. Since these grounds for relief were not advanced in the district court we decline to consider them on this appeal.

Affirmed.

---

2. This is not to say that state probation proceedings are free from every federal constitutional safeguard. See Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L. Ed.2d 336.