**Melvin WIGGS, Petitioner,**

v.

**Howard L. BEYER, et al., Respondents.**

**Civ. No. 86–2702 (AET).**

United States District Court,
D. New Jersey.

Jan. 28, 1988.

Melvin Wiggs, pro se.

Edward R. Bonanno, Deputy Atty. Gen., Trenton, N.J., for respondents.

**ANNE E. THOMPSON, District Judge.**

Petitioner, Melvin Wiggs, filed this action pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus. Petitioner is challenging his conviction in the New Jersey courts, on September 20, 1979, for kidnapping, robbery, atrocious assault and battery, rape and private lewdness. U.S. Magistrate Freda L. Wolfson filed a Report and Recommendation in this matter wherein she recommended that the action be dismissed without an evidentiary hearing.

Petitioner was sentenced on December 14, 1979 to a total of 44 years which included: a custodial term of 22 years on the kidnapping offense, a seven year custodial term for atrocious assault and battery to run consecutively to the kidnapping offense, a 15 year custodial term for rape to run consecutively to the sentences for the two previous charges, a five year custodial term for robbery to run concurrently with the other sentences, and a three year custodial term for lewdness, also to run concurrently with the other sentences.

On January 31, 1980, petitioner filed a Notice of Appeal to the Superior Court of New Jersey, Appellate Division. On March 19, 1981 the Appellate Division addressed the issues raised on appeal: identification procedures and excessiveness of sentence. The Appellate Division affirmed the conviction. The New Jersey Supreme Court denied petitioner's petition for certification. Petitioner was denied reconsideration of sentence on April 24, 1982 by a resentencing panel. Petitioner made a motion for post-conviction relief in October 1982. Petitioner's motion was denied on June 5, 1983. On October 30, 1985 the New Jersey Superior Court, Appellate Division, affirmed denial of petitioner's motion for post-conviction relief. The New Jersey Supreme Court denied the petition for certification. Petitioner filed for habeas corpus relief on July 1, 1986 in this court.

The Report and Recommendation discusses petitioner's motion for post-conviction relief. The following grounds for relief were argued by petitioner in that motion: 1) the verdict rendered by the jury on the atrocious assault and battery charge was deficient; 2) the court erred in determining the applicable code offenses to kidnapping and rape; 3) the offenses or sentences of rape, kidnapping and atrocious assault and battery must merge; and 4) the relief sought was not barred by Rule 3:22–4. *See* Report and Recommendation, at 2. Magistrate Wolfson noted that petitioner conceded that all of the issues raised in his motion for post-conviction relief could have been raised on direct appeal. *See* Report and Recommendation, at 2, note 1.

We have conducted an independent *de novo* review of the Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) considering as well petitioner's objections. In her opinion Magistrate Wolfson concluded that petitioner is procedurally barred from bringing this action in federal court. The court concurs with this determination.

The Superior Court of New Jersey, Appellate Division, on October 30, 1985, while reaching a decision on the merits of petitioner's post-conviction motion, also held that the petitioner's claim was procedurally barred under Rule 3:22–4. An alternate holding, relying on a procedural rule, suffices to implicate the procedural default doctrine. *United States ex rel. Caruso v. Zelinsky*, 689 F.2d 435, 440 (3d Cir.1982). It is clear that a procedural default exists in this case, as was held in the decision of the Superior Court, Appellate Division, on petitioner's motion for post-conviction relief.

Petitioner could have overcome his procedural default by a showing that either: (1) he did not deliberately bypass state proce-

dures, *see Fay v. Noia,* 372 U.S. 391, 438–439, 83 S.Ct. 822, 848–849, 9 L.Ed.2d 837 (1963); or (2) that there was cause for and actual prejudice from the procedural default, *see Wainwright v. Sykes,* 433 U.S. 72, 90–91, 97 S.Ct. 2497, 2508–2509, 53 L.Ed.2d 594, *reh'g denied* 434 U.S. 880, 98 S.Ct. 241, 54 L.Ed.2d 163 (1977).

Although the Supreme Court's decision in *Wainwright* may not have explicitly overruled *Fay,* it is apparent from the dictum in *Wainwright,* and the Third Circuit's interpretation of these cases offered in *Zelinsky,* that the deliberate bypass rule of *Fay* is applicable only in a limited context, for example, where there is no direct appeal. In *Zelinsky,* the Third Circuit indicated that the rationales of the two Supreme Court cases are not easily reconcilable. The Third Circuit stated that it was "reluctant to ignore the holding of the more recent case ... [i]ndeed the ascendancy of the cause and actual prejudice standard is reflected in the broad language of *Engle v. Isaac,* [which] held that ... any prisoner bringing a constitutional claim to the federal courthouse after a state procedural default must demonstrate cause and actual prejudice before obtaining relief." *Zelinsky,* 689 F.2d at 442, *citing, Engle v. Isaac,* 456 U.S. 107, 129, 102 S.Ct. 1558, 1572, 71 L.Ed.2d 783 (1982). Moreover, the failure of counsel even through inadvertance, does not constitute sufficient cause to excuse a procedural default; instead, the prisoner must show that some external objective factor impeded the attorney's efforts. *Murray v. Carrier,* 477 U.S. 478, ——, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986).

Therefore, in this Circuit, and in the context of this case, we find the correct standard to apply to be "cause and actual prejudice." Using the *Wainwright* analysis, the petitioner has failed to make the necessary showing of "cause and actual prejudice." We adopt the evaluation of petitioner's claim set forth in the Magistrate's Report and Recommendation, and agree that petitioner has not demonstrated cause for failing to raise the grounds for relief asserted in the instant petition on direct appeal of his conviction at the state court level. We also agree that the petitioner has not demonstrated actual prejudice, and concur with the Magistrate that petitioner's claim does not represent a "fundamentally unjust incarceration." *See Engle v. Isaac,* 456 U.S. at 135, 102 S.Ct. at 1576. We will therefore adopt the Magistrate's Report and Recommendation and dismiss the petitioner's writ on procedural grounds without reaching the merits of his claim.

It is therefore

ORDERED that the Report and Recommendation of the Federal Magistrate be and hereby is adopted and the petition for the writ of habeas corpus of Melvin Wiggs filed in this court on July 1, 1986, be and hereby is dismissed without an evidentiary hearing. This court certifies there is no probable cause for appeal from this order. No costs.