**Ronald W. TELEPO, Plaintiff,**

v.

**Sally S. SCHEIDEMANTEL, et al., Defendants. (Three Cases).**

Civ. Nos. 88–417 (CSF), 88–1031 (CSF) and 88–3683 (CSF).

United States District Court, D. New Jersey.

April 30, 1990.

Ronald Telepo, pro se.

## OPINION

CLARKSON S. FISHER, District Judge.

*Statement of Facts*

Ronald Telepo filed these *pro se* petitions seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. Petitioner is currently incarcerated in the Avenel Adult Diagnostic and Treatment Center in Avenel, New Jersey ("Avenel"). Presently before this court are Civil Action No. 88–0417, based on the conviction under Somerset County Indictment No. 103–3–83; [1] Civil Action No. 88–1031, based on the conviction under Warren County Indictment No. 31–S–76, and Civil Action No. 88–3683, based on the convictions under Hunterdon County Indictment Nos. 165–J–76 and 145–J–76. Civil Action No. 88–0417 is discussed immediately below. Civil Action No. 88–1031 and Civil Action No. 88–3683 will be discussed at the end of this opinion.

The Somerset County Grand Jury returned Indictment No. 103–3–83 against Telepo on March 17, 1983. The indictment charged petitioner with the following offenses: aggravated sexual assault in violation of N.J.S.A. 2C:14–2a(1) (Count 1), and endangering the welfare of a child in violation of N.J.S.A. 2C:14–2(a) (Count 2.) The substance of petitioner's offense is that between "mid year 1981 and the beginning of 1983" he engaged in acts of sexual intercourse with the six-year-old daughter of his live-in girlfriend. Telepo pled not guilty to these charges on March 18, 1983, but on May 4, 1983, he retracted his not guilty plea and entered a plea of guilty to all counts. On August 12, 1983, Telepo, in accordance with the plea bargain, was sentenced to a term of twenty years on Count 1, with a ten-year parole disqualifier, to be served at Avenel, and a term of eighteen months on Count 2, to be served concurrently with the sentence imposed on Count 1.[2]

On September 26, 1983, Telepo filed a direct appeal to the Superior Court of New

---

1. Although the instant petition is the fourth petition chronologically, the court is aware that since this petition was filed on January 21, 1988, Telepo has filed several other petitions based on Indictment No. 103–3–83.

2. Prior to this, on March 11, 1977, Telepo was sentenced to a term of imprisonment of three to five years under Warren County Indictment No. 31–S–76. The indictment charged Telepo with intent to commit carnal abuse and atrocious assault and battery in connection with his assault of a twelve-year-old girl. Following a jury trial, Telepo was convicted of intent to commit carnal abuse and simple assault and battery. On September 29, 1977, while under indictment in Warren County, Telepo was convicted, under Hunterdon County Indictment No. 165–J–76, of assault and battery and assault with intent to rape based on his attack of a 68–year–old wom-

Jersey, Appellate Division. By letter dated April 20, 1984, petitioner instructed his attorney to dismiss the appeal, so that he could pursue a petition for post-conviction relief. The appeal was not dismissed until September 26, 1984, apparently because petitioner refused to execute a stipulation of dismissal. Petitioner did not petition the Supreme Court of New Jersey for certification. By Telepo's calculation and the court's, he has to date filed nine applications for post-conviction relief, all of which have been denied. As noted earlier, petitioner has filed a multitude of habeas corpus petitions with this court. With regard to Indictment No. 103-3-83, at least three petitions preceded this one, and a number of petitions were filed subsequent to the instant petition; however, none of the habeas corpus petitions filed prior to this one were dismissed on the merits.

It is well settled that before a court may reach the merits of a habeas corpus petition, a petitioner must demonstrate that he has exhausted all available state remedies. *Rose v. Lundy*, 455 U.S. 509, 516–17, 102 S.Ct. 1198, 1202–03, 71 L.Ed.2d 379 (1982). This court, in an opinion dated September 13, 1989 in Civil Action No. 88–417 (CSF), held that petitioner had exhausted his state remedies by presenting to the state's highest court the identical grounds upon which he now seeks habeas relief.

For the purposes of brevity and clarity this court combined the twenty-eight grounds petitioner had raised as bases for federal relief which related to the same issue or were merely duplicative. *Ronald W. Telepo v. Sally S. Scheidemantel, et al.*, Civil Action No. 88–417 (CSF), September 13, 1989, pp. 4–5, 1989 WL 120744. As a result, the court is presented with nine grounds for relief, each of which is discussed below.

an inside a church on August 23, 1976. On December 12, 1977, Telepo was sentenced to a term of imprisonment of five (5) to seven (7) years, to run consecutively with the sentence he was serving for his Warren County conviction. Then, in May 1979, Telepo pled guilty to Hunterdon County Indictment No. 145-J-76, which charged him with the rape and carnal abuse of a

CIVIL ACTION NO. 88–417

(1)

■ The first ground petitioner raises is that the state court abused its judicial discretion by improperly dismissing his motion for post-conviction relief. Petitioner alleges that he did not utilize the post-conviction relief mechanism as a substitute for direct appeal and that the court had cursorily dismissed the motion without granting him a "full and fair hearing" and without addressing all of the issues raised. Petitioner further contends that Judge Diana should have recused himself.

Judge Diana relied upon N.J. Ct. R. 3:22–4 when he denied petitioner's motion for post-conviction relief. N.J. Ct. R. 3:22–4 provides:

Any ground for relief not raised in a prior proceeding under this rule, or in the proceedings resulting in the conviction, or in a post-conviction proceeding brought and decided prior to the adoption of this rule, or in any appeal taken in any such proceedings is barred from assertion in a proceeding under this rule unless the court on motion or at the hearing finds a) that the ground for relief not previously asserted could not reasonably have been raised in any prior proceeding; or b) that enforcement of the bar would result in fundamental injustice; or c) that denial of relief would be contrary to the Constitution of the United States of the State of New Jersey.

"Notions of federalism and comity suggest that reasonable state procedural rules are entitled to respect in the federal courts." *United States ex rel. Caruso v. Zelinsky*, 689 F.2d 435, 441 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). N.J. Ct. R. 3:22–4 is a reasonable requirement which serves important state interests. Federal deference to state court procedural determinations

thirteen-year-old girl. On November 29, 1979, Telepo was sentenced under this indictment to a term of imprisonment of twelve to fifteen years, to run concurrently with the two prior sentences. On August 12, 1980, Telepo was released on parole. On February 5, 1985, the State Parole Board revoked Telepo's parole with regard to the earlier convictions.

can help to finalize criminal matters. *United States ex rel. Caruso v. Zelinsky,* 689 F.2d at 441. Judge Diana's ruling as to petitioner's procedural default is therefore binding upon this court.

 The Supreme Court in *Harris v. Reed,* 489 U.S. 255, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989), stated:

Under *Sykes* and its progeny, an adequate and independent finding of procedural default will bar federal habeas corpus review of the federal claim unless the petitioner can show "cause" for the default and "prejudice attributable thereto" *Murray v. Carrier,* 477 U.S. 478, 485 [106 S.Ct. 2639, 2643, 91 L.Ed.2d 397] ... (1986) or demonstrate that failure to consider the federal claim will result in a "fundamental miscarriage of justice." *Id.* at 495 [106 S.Ct. at 2649] ... (quoting *Engle v. Isaac,* 456 U.S. 107 [102 S.Ct. 1558, 71 L.Ed.2d 783] (1982).

*See Murray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); *Amadeo v. Zant,* 486 U.S. 214, 108 S.Ct. 1771, 100 L.Ed.2d 249 (1988). In order to show the existence of cause, "a prisoner must show that some external objective factor impeded the attorney's efforts." *Wiggs v. Beyer,* 677 F.Supp. 267, 269 (D.N.J.1988) (citing *Murray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)). Petitioner has failed to show cause for not raising this ground for relief on direct appeal of his state court conviction. It is important to note that petitioner instructed his attorney to dismiss the direct appeal of his case so that he could pursue a petition for post-conviction relief, a clear indication that he was using the post-conviction relief as a substitute for the appeal. This court also finds that Telepo has not demonstrated any actual prejudice or suffered a "fundamental miscarriage of justice."

 Telepo alleges that "he did not receive a full and fair hearing," because the court did not honor the subpoenas, and that they were sent to all interested parties. Telepo petition for habeas corpus relief, filed January 21, 1988, p. 17. Petitioner further alleges that "the hearsay rule is coupled with the Sixth (Amendment) right to confrontation and Petitioner was entitled to his confrontation and the PCR hearing." *Id.* at 17. Nowhere in N.J. Ct. R. 3:22–1 et seq. does it state that the petitioner is entitled to a hearing on post-conviction relief. N.J. Ct. R. 3:22–10 provides, in relevant part, that "[a] defendant in custody may be present in court at the court's discretion." *State v. Flores,* 228 N.J.Super. 586, 589–91, 550 A.2d 752 (App.Div. 1988), *cert. denied,* 115 N.J. 78, 556 A.2d 1220 (1989). "Specifically our court rules are barren of any provision mandating that oral argument be heard whenever a petition is filed." *Id.* at 589, 550 A.2d 752. Judge Diana did not abuse his discretion by dismissing petitioner's motion for post-conviction relief.

 Telepo contends that Judge Diana should have recused himself in the matter. This ground for relief advanced by Telepo is not supported by the record, nor has Telepo provided any evidence to support his claim. Telepo pled guilty to the charges against him on May 4, 1983. Telepo's guilt or innocence was not directly affected by Judge Diana's presence at his guilty plea hearing. *See Chromiak v. Field,* 406 F.2d 502, 504 (9th Cir.1969), *cert. denied,* 396 U.S. 1017, 90 S.Ct. 581, 24 L.Ed.2d 508 (1970). Furthermore, there is no evidence of bias present in the record.

**(2)**

 Second, Telepo contends that the guilty plea was not intelligently, knowingly and voluntarily made. Telepo claims that he did not understand the consequences of the guilty plea and the waiver of his rights regarding the possible sentences which could have been imposed under the New Jersey Sex Offender Act. He further asserts that he was misinformed by counsel and was ignorant of the law. He claims that the guilty plea was the result of improper inducements and threats of a more severe sentence and a possible murder charge.[3] Finally, Telepo alleges that he

---

3. Telepo alleges the threat of a murder charge

evolved from illegal wiretapping which oc-

was denied a request to consult with counsel during the taking of the guilty plea.

The standard for determining the validity of guilty pleas is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162 (1970). The court recognizes that a plea of guilty "must be an intelligent act 'done with sufficient awareness of the relevant circumstances and likely consequences.'" *McMann v. Richardson*, 397 U.S. 759, 766, 90 S.Ct. 1441, 1446, 25 L.Ed.2d 763 (1970) (quoting *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 1468, 25 L.Ed.2d 747 (1970)). The Supreme Court stated:

> A majority of criminal convictions are obtained after a plea of guilty. If these convictions are to be insulated from attack, the trial court is best advised to conduct an on the record examination of the defendant which should include, inter alia, an attempt to satisfy itself that the defendant understands the nature of the charges, his right to a jury trial, the acts sufficient to constitute the offenses for which he is charged and the permissible range of sentences.

*Boykin v. Alabama*, 395 U.S. 238, 244 n. 7, 89 S.Ct. 1709, 1713 n. 7, 23 L.Ed.2d 274 (1969). The transcript of Telepo's guilty plea dated May 4, 1983, clearly indicates that Judge Diana met these requirements.

Telepo claims that he did not understand the consequences of his guilty plea and the waiver of his rights regarding the possible sentences under N.J.S.A. 2C:47–1 et seq.[4] A similar ground for relief was denied by this court on December 12, 1988. *Ronald W. Telepo v. Sally S. Scheidemantel, et al.*, Civil Action No. 88–4640 (CSF), 1988 WL 142405. *See State v. Lark*, 117 N.J. 331, 567 A.2d 197 (1989).

Petitioner does not have an absolute right to have his guilty plea accepted by the court. *North Carolina v. Alford*, 400

U.S. 25, 38 n. 11, 91 S.Ct. 160, 168 n. 11, 27 L.Ed.2d 162 (1970). According to N.J.Ct.R. 3:9–2:

> The court in its discretion, may refuse to accept a plea of guilty and shall not accept such plea without first addressing the defendant personally and determining by inquiry of the defendant and others, in the court's discretion, that there is a factual basis for the plea and that the plea is made voluntarily, not as a result of any threats or of any promises or inducements not disclosed on the record, and with an understanding of the nature of the charge and the consequences of the plea.

*See State v. Deutsch*, 34 N.J. 190, 168 A.2d 12 (1961). The record is clear that when petitioner pled guilty on May 4, 1983, Judge Diana fully complied with N.J.Ct.R. 3:9–2. The plea was properly accepted by the court under New Jersey law. Furthermore, there is nothing in the record to support, nor has petitioner offered any evidence, to prove that he was denied an opportunity to consult with his attorney during the taking of the guilty plea.

### (3)

Third, petitioner claims that the sentence was illegal because the sentencing judge failed to credit him with time-served jail credits.

On August 12, 1983, Telepo was sentenced to a term of twenty years on Count 1, with a ten-year parole disqualifier, to be served at Avenel, and a term of eighteen months on Count 2, to be served concurrently with the sentence imposed on Count 1. This sentence was upheld by the Appellate Division's interpretation of N.J.S.A. 2C:44–5. Citing N.J.Ct.R. 2:11–3(e)(2), the Appellate Division held his claim to be without merit.

■ "Matters of procedure in sentencing are generally matters of state law and cannot justify the federal intervention of habeas corpus relief." *Ervin v. Beyer*, 716

---

curred at some point in time before the May 4, 1983, guilty plea. Telepo habeas corpus petition, filed January 21, 1988, Sec. 3D.

4. N.J.S.A. 2C:47–1 et seq. is the appropriate statute, replacing the repealed New Jersey Sex Offender Act.

F.Supp. 163, 165 (D.N.J.1989); *see also Johnson v. Beto*, 383 F.2d 197, 198 (5th Cir.1967), *cert. denied*, 393 U.S. 868, 89 S.Ct. 153, 21 L.Ed.2d 136 (1968). The most appropriate and knowledgeable body to recognize and determine the intent of the original sentence is the trial court. *Ervin v. Beyer*, 716 F.Supp. at 165 (D.N.J.1989). Trial judges are presumed to be totally aware[5] of the real meaning of the sentences that they impose on defendants. *Id.* at 165.

### (4)

Fourth, petitioner alleges that due to counsel's ineffectiveness, no suppression hearing or "*Wade* hearing"[6] was held, despite his request for these hearings, and that as a result he was denied procedural and substantive due process. Telepo also alleges that counsel was prejudiced, biased and incompetent.

■ There is nothing in the record which even remotely suggests that Telepo's lawyer's advice did not reflect abilities "within the range of competence demanded of attorneys in criminal cases." *McMann*, 397 U.S. at 770–71, 90 S.Ct. at 1449. A defendant is bound by his guilty plea and subsequent conviction "unless he can allege and prove serious derelictions on the part of counsel sufficient to show that his plea was not, after all, a knowing and intelligent act." *Id.* at 774, 90 S.Ct. at 1450. Petitioner has failed to prove this to the court.

■ This court notes that both petitioner's and respondent's submissions refer to the effective assistance of counsel at Telepo's post-conviction hearing. This assertion is not cognizable under § 2254. The Supreme Court noted:

Post-conviction relief is even further removed from the criminal trial than is discretionary direct review. It is not a part of the criminal proceeding itself and it is in fact considered to be civil in nature.... States have no obligation to provide this avenue of relief and when they do, the fundamental fairness man-

dated by the Due Process Clause does not require that the lawyer supply a lawyer as well.

*Pennsylvania v. Finley*, 481 U.S. 551, 556–57, 107 S.Ct. 1990, 1993–94, 95 L.Ed.2d 539 (1986). Petitioner's ground for relief is clearly without merit.

### (5)

Fifth, Telepo alleges prosecutorial misconduct, in that prior to the plea bargaining the prosecutor failed to disclose exculpatory evidence. In addition, Telepo alleges that the prosecutor obtained evidence through illegal wiretapping and relied on hearsay.

Petitioner asserts that his co-defendant presented new evidence to the effect that it was she who encouraged her daughter to accuse the petitioner of sexual assault. Petitioner also asserts that his sister, Lorraine Ward, had been misled into being a state witness. Petitioner claims that the state had an obligation to disclose this information to the court.

■ The United States Supreme Court has held that the suppression of evidence which is favorable to the accused violates due process if the evidence is material to guilt or punishment. *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196, 10 L.Ed.2d 215 (1963). Evidence is considered material if there exists a reasonable probability that, had the evidence been disclosed to the defense counsel, the proceedings would have had a different result. *United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 3383, 87 L.Ed.2d 481 (1985).

■ The record clearly states that the petitioner pled guilty to the charges against him. The Court in *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973), stated:

A guilty plea represents a break in the chain of events which had preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may

---

**5.** Pursuant to 28 U.S.C. § 2254(d), the state court's factual findings are presumed correct.

**6.** *See United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967).

not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

Petitioner is therefore barred from bringing these claims. In addition, it is important to note that the court does not find any evidence in the record to support Telepo's allegations.

### (6)

■ Telepo next alleges improper participation by the court in the plea-bargaining process and improper consideration by the court of illegally wiretapped conversations. This court finds that this claim is barred by the court's reasoning in *Tollett v. Henderson*, 411 U.S. at 267, 93 S.Ct. at 1608, which was discussed above. Again, the record does not support petitioner's allegation, nor is there any evidence which supports this allegation.

### (7)

■ Telepo contends that the plea-bargaining system is inherently unconstitutional and that the admissible evidence in this case was insufficient to support a finding of guilt for the offense for which the plea was offered.

The plea-bargaining system is an essential part of the administration of justice. *Santobello v. New York*, 404 U.S. 257, 266, 92 S.Ct. 495, 501, 30 L.Ed.2d 427 (1971); *State v. Taylor*, 80 N.J. 353, 403 A.2d 889 (1979). The Court in *Santobello* noted:

If every criminal charge were subjected to a full-scale trial, the States and Federal Government would need to multiply by many times the number of judges and court facilities.

Disposition of charges after plea discussions is not only an essential part of the process but a highly desirable part for many reasons. It leads to prompt and largely final disposition of most criminal cases; it avoids much of the corrosive impact of enforced idleness during pretrial confinement for those who are denied release pending trial; it protects the public from those accused persons who are prone to continue criminal conduct even while on pretrial release; and, by shortening the time between charge and disposition, it enhances whatever may be the rehabilitative prospects of the guilty when they are ultimately imprisoned.

*Id.*, 404 U.S. pp. 260–61, 92 S.Ct. p. 498. The court finds this claim to be frivolous and without merit in light of *Santobello*.

■ As to the second part of this claim, petitioner alleges that the admissible evidence in this case was insufficient to support a finding of guilt. It is important to note at the outset that petitioner pled guilty. By pleading guilty he admitted in open court that he had committed aggravated sexual assault and endangered the welfare of a child. According to the transcript of the plea dated May 4, 1983, page 8, petitioner admits his guilt:

[THE COURT] All right, and you're going to have to tell me precisely what it is you did.

[TELEPO] Well, molested her and penetrated her manually.

[THE COURT] When you say "manually" that means you did what with your hand?

[TELEPO] Finger.

[THE COURT] And where did you put your finger?

[TELEPO] In her private.

[THE COURT] In her private, would you mean her vagina?

[TELEPO] Yeah.

"An appellant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324, 99 S.Ct. 2781, 2791, 61 L.Ed.2d 560 (1979), *reh. denied*, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979). This court concludes that a reasonable trier of fact could have concluded from the evidence presented by petitioner's admissions at his plea hearing that he was guilty of the charged offenses.

### (8)

■ In petitioner's eighth ground for relief he asserts that the indictment was

defective because the prosecutor presented no evidence (medical or otherwise) to support it and also because it was based on "insubstantial hearsay testimony." The Supreme Court recently held that:

> When the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack.

*United States v. Broce*, 488 U.S. 563, 109 S.Ct. 757, 762, 102 L.Ed.2d 927 (1989). *See Tollett v. Henderson*, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).

This court found that Telepo's guilty plea was both counseled and voluntary. This was discussed above in Section 2. Petitioner's request for relief based on a defective indictment is now moot.

### (9)

█ Finally, Telepo alleges that he had a colorable claim of innocence. This court finds that the record does not support this allegation, and this ground for relief is meritless.

Petitioner contends that the evidence that he has presented substantially supports this claim. The May 4, 1983, guilty plea transcript clearly contradicts Telepo's claim of innocence. Furthermore, this court finds that the record does not support Telepo's claim. This ground for relief is without merit.

### CIVIL ACTIONS NOS. 88–1031 AND 88–3683

Civil Action No. 88–1031 is based on the conviction under Warren County Indictment No. 31–S–76. After a jury trial, Petitioner was found guilty of intent to commit carnal abuse and simple assault and battery of a twelve-year-old girl.

Civil Action No. 88–3683 is based upon the Hunterdon County Indictment Nos. 165–J–76 and 145–J–76. Under Hunterdon County Indictment No. 165–J–76 Telepo was convicted of assault and battery and assault with intent to rape based on his attack of a 68–year–old woman on August 23, 1976. Telepo pled guilty to Hunterdon County Indictment No. 145–J–76, which charged him with the rape and carnal abuse of a thirteen-year-old girl.

Telepo has inundated this court with habeas corpus petitions over the past several years. Petitioner has filed several habeas petitions based on Indictments Nos. 31–S–76, 165–J–76, and 145–J–76. *See Ronald W. Telepo v. Sally Scheidemantel, et al.*, Civil Action No. 87–1710, January 19, 1988, Report and Recommendation of the Honorable Freda L. Wolfson, United States Magistrate, pp. 12–15 (Appendix).

█ Rule 9(b) of the Rules Governing 28 U.S.C. § 2254 Cases states:

> A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits, *or, if new or different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted abuse of the writ.*

(Emphasis added). This rule focuses on the conduct of the petitioner, as mandated by the abuse of the writ doctrine's basic purpose, "to enforce 'the equitable principle[ ] ... that a suitor's conduct in relation to the matter at hand may disentitle him to the relief he seeks.'" *Moore v. Kemp*, 824 F.2d 847, 851 (11th Cir.1987) (quoting *Sanders v. United States*, 373 U.S. 1, 17, 83 S.Ct. 1068, 1078, 10 L.Ed.2d 148 (1963)). A petition for habeas corpus may be dismissed upon the abuse of the writ theory if the petitioner files habeas petitions which raise grounds that could have been asserted in a prior petition. The Supreme Court stated:

> [I]f a prisoner deliberately withholds one or two grounds for federal collateral relief at the time of filing his first application, in the hope of being granted five hearings rather than one or *for some other such reason,* he may be deemed to have waived his right to a hearing on a second application presenting the withheld ground.... Nothing in the tradi-

tions of habeas corpus requires the federal courts to tolerate piecemeal litigation, or to entertain collateral proceedings whose only purpose is to vex, harass, or delay."

*Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982) (quoting *Sanders v. United States*, 373 U.S. 1, 18, 83 S.Ct. 1068, 1078, 10 L.Ed.2d 148 (1963)) (emphasis added). The claims that petitioner raises in both Civil Action No. 88–1031 habeas petition and Civil Action No. 88–6383 habeas petition could have been raised in the numerous other habeas corpus applications which have been filed in this court by Telepo. The facts and bases for relief were available to Telepo from the time that he was sentenced for each conviction. Instead, Telepo has chosen to file repeated petitions implicating the same convictions, without demonstrating the development of new law or new facts. Petitioner has clearly abused the writ.

This court recognizes that "the abuse of the writ doctrine is of rare and extraordinary application." *Paprskar v. Estelle*, 612 F.2d 1003, 1007 (5th Cir.1980). Even in light of this consideration this court finds that petitioner's habeas corpus petitions must be dismissed under the abuse of the writ theory. Any further filings relating to Indictments Nos. 103–3–83, 31–S–76, 165–J–76 and 145–J–76 will constitute a further abuse of the writ and will neither be tolerated nor accepted by this court.

Petitioner's applications for habeas corpus relief are denied. An order accompanies this opinion. No costs.

### ORDER

For the reasons set forth in the court's opinion filed this date, it is, on this 30th day of April, 1990,

ORDERED that the petitions for writs of *habeas corpus* in the matters captioned above be and hereby are denied; and it is further

ORDERED that, pursuant to Rule 9(b) of the Rules Governing 28 U.S.C. Section 2254 Cases, any further petitions for habeas corpus relief relating to Somerset County Indictment 103–3–83, Warren County Indict-

ment 31–S–76 and Hunterdon County Indictments 165–J–76 and 145–J–76 will be summarily dismissed for abuse of the writ. There is no probable cause for appeal. No costs.