**Phi–Long HUYNH, Plaintiff—Appellant,**

v.

**SAN DIEGO COUNTY PROBATION DEPARTMENT, Defendant—Appellee.**

No. 06–56175.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2008.*

Filed March 26, 2008.

Phi–Long Huynh, San Diego, CA, pro se.

David L. Brodie, City Attorney, Office of the County Counsel, San Diego, CA, for Defendant–Appellee.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**682**

Before: CANBY, T.G. NELSON, and BEA, Circuit Judges.

### MEMORANDUM **

Phi–Long Huynh, a probationer, appeals pro se from the district court's judgment dismissing for failure to state a claim his action alleging that the San Diego County Probation Department violated his constitutional rights by directing him to undergo a sex offender evaluation. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Vasquez v. Los Angeles County,* 487 F.3d 1246, 1249 (9th Cir.2007), and may affirm on any basis supported by the record, *Hall v. N. Am. Van Lines, Inc.,* 476 F.3d 683, 686 (9th Cir.2007). We affirm.

The district court properly dismissed Huynh's due process liberty interest claim because Huynh did not allege that he was denied notice and an opportunity to be heard in connection with his refusal to undergo a sex offender evaluation. *See Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.,* 149 F.3d 971, 982 (9th Cir.1998).

The district court properly dismissed Huynh's due process property interest claim because requiring a probationer to pay for the costs of his probation does not violate a due process right to property. *See United States v. Zakhor,* 58 F.3d 464, 467 (9th Cir.1995).

The district court properly dismissed Huynh's separation of powers claim because "the doctrine of separation of powers embodied in the Federal Constitution is not mandatory on the States." *Whalen v. United States,* 445 U.S. 684, 689 n. 4, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980); *see also Chromiak v. Field,* 406 F.2d 502, 505 (9th Cir.1969) (holding that the resolution of state prisoner's issue concerning separation of powers of judicial and executive branch in determination of probation did not involve any principle established by the federal Constitution).

We do not consider Huynh's Full Faith and Credit Clause claim, because he failed to argue the issue on appeal. *See Pierce v. Multnomah County,* 76 F.3d 1032, 1037 n. 3 (9th Cir.1996).

We do not consider facts stated for the first time in Huynh's opening brief. *See United States v. Elias,* 921 F.2d 870, 874 (9th Cir.1990) ("[F]acts not presented to the district court are not part of the record on appeal.").

Huynh's remaining contentions lack merit.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

