**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Siamac ZAKHOR, Defendant–Appellant.**

No. 94–50439.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 3, 1995.

Decided June 22, 1995.

John P. Martin, James H. Locklin, Talcott, Lightfoot, Vandevelde, Woehrle & Sadowsky, Los Angeles, CA, for defendant-appellant.

Maurice M. Suh, Asst. U.S. Atty., Los Angeles, CA, for the plaintiff-appellee.

Before: FLETCHER, BRUNETTI, and NELSON, Circuit Judges.

## OPINION

BRUNETTI, Circuit Judge:

### I.

In this appeal, we determine whether section 5E1.2(i) of the United States Sentencing Guidelines was validly promulgated under the version of the Sentencing Reform Act in effect at the time of Zakhor's sentencing, and whether the section violates the Due Process Clause of the Fifth Amendment.

Siamac Zakhor pleaded guilty to two counts of mail fraud, in violation of 18 U.S.C. § 3231, on April 5, 1994. On June 22, 1994, the district court sentenced Zakhor to three years' probation and ordered him to pay more than $20,000 in fines and restitution. The fines included a $6,500 fine under section 5E1.2(i) to recover the cost of his community supervision. Zakhor filed a motion to correct his sentence under Federal Rule of Criminal Procedure 35(c), challenging the validity of Guideline section 5E1.2(i). The district court entered an order denying Zakhor's Rule 35(c) motion, and Zakhor appeals.

■ We have jurisdiction over Zakhor's appeal under 18 U.S.C. § 3742. On appeal, Zakhor raises the same arguments as the ones he raised in his Rule 35(c) motion: that the Sentencing Reform Act did not authorize the Sentencing Commission to promulgate section 5E1.2(i), and that section 5E1.2(i) violates the Due Process Clause. These arguments present pure questions of law, which we review de novo, *see United States v. Fine*, 975 F.2d 596, 599 (9th Cir.1992) (en banc); *United States v. Stump*, 914 F.2d 170, 172 (9th Cir.1990), and we affirm.

### II.

■ Sentencing Guideline section 5E1.2(i) requires a sentencing court to "impose an additional fine amount that is at least sufficient to pay the costs to the government of any imprisonment, probation, or supervised release ordered." United States Sentencing Comm'n, Guidelines Manual § 5E1.2(i), at 288 (Nov. 1, 1994). [Guidelines Manual]. The issue before us is whether a fine to recover supervision costs is consistent with any of the sentencing purposes and factors enumerated in the Sentencing Reform Act, 18 U.S.C. §§ 3551–86, 28 U.S.C. §§ 991–98, in effect at the time of Zakhor's sentencing.[1] *See* 28 U.S.C. § 994(a); *United States v. Quesada*, 972 F.2d 281, 282 (9th Cir.1992). We conclude that section 5E1.2(i) is valid because two such purposes exist: just punishment and deterrence.

The Sentencing Commission has a mandate to establish sentencing practices that impose punishments which are just in rela-

---

1. We note that, effective September 1994, Congress enacted an explicit authorization for section 5E1.2(i): "The Commission ... may include, as a component of a fine, the expected costs to the Government of any imprisonment, supervised release, or probation sentence that is ordered." The Violent Crime Control and Law Enforcement Act of 1994, Pub.L. No. 103–322, § 20403(b), 108 Stat. 1796, 1825 (codified at 28 U.S.C. § 994(y)). However, Zakhor was sentenced in the summer of 1994, and we must decide whether authorization existed prior to this 1994 amendment.

tion to the social costs a convict has imposed on society. The Commission must consider as one of several factors "the nature and degree of the harm caused by the offense," 28 U.S.C. § 994(c)(3), and must assure that sentencing policies "reflect the seriousness of the offense [and] provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Although section 3553 commands courts, not the Sentencing Commission, to consider the offense's seriousness and just punishment in issuing sentences, 28 U.S.C. § 991(b)(1)(A) requires the Commission to promulgate guidelines that "assure the meeting of the purposes of sentencing as set forth in section 3553(a)(2)."

■ A just punishment for an offense should consider two distinct harms. The first is the harm caused by the convict's criminal conduct. Less obvious is the cost society must undertake to punish the convict for the offense. *United States v. Hagmann,* 950 F.2d 175, 187 (5th Cir.1991). Section 5E1.2(i) relates to both of these harms. Because the Sentencing Guidelines impose longer sentences as the harm caused by the offense rises, and because lengthier sentences are more costly, a fine linked to the convict's costs of incarceration reflects the degree of harm caused by the convict's offense. Moreover, section 5E1.2(i) clearly reflects society's costs of punishment by requiring the convict to reimburse the federal government for the cost of his own incarceration or supervisory detention. We conclude that section 5E1.2(i) is consistent with an interest in having sentences reflect the severity of the convict's offense.

The Sentencing Commission also has a mandate to create sentencing policies that consider "the deterrent effect a particular sentence may have on the commission of the offense by others," 28 U.S.C. § 994(c)(6), and to consider "the need for the sentence imposed to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B); *see* 28 U.S.C. § 991(b)(1)(A). Section 5E1.2(i) advances the deterrent purpose articulated in the Sentencing Reform Act by establishing the cost of incarceration as another cost a would-be criminal may have to face if he commits the criminal act and is caught. This deters criminal conduct by making the potential criminal internalize all the costs of such conduct. The Seventh Circuit determined that section 5E1.2(i) promoted deterrence in *United States v. Turner,* 998 F.2d 534, 536 (7th Cir.1993), and several other circuits have approved of *Turner*'s reasoning. *E.g., United States v. May,* 52 F.3d 885, 891–92 (10th Cir.1995); *United States v. Leonard,* 37 F.3d 32, 40 (2d Cir.1994). We agree, and conclude that section 5E1.2(i) is consistent with the sentencing purposes articulated in the Sentencing Reform Act.

■ Zakhor raises several objections to this conclusion. First, he argues that section 5E1.2(i) does not further any of the purposes of 18 U.S.C. § 3572(a). But Sentencing Guidelines need not further the purposes of section 3572(a). This section requires courts, not the Sentencing Commission or the Guidelines, to consider the factors listed in it, such as the convicted defendant's ability to pay and the financial burden the fine would impose on him. 18 U.S.C. §§ 3572(a)(1)–(2). In other words, section 3572(a) is not relevant to an attack on section 5E1.2(i)'s validity, though it could provide the basis for a claim that the district court failed to tailor a section 5E1.2(i) fine to the individual circumstances of a particular defendant. Zakhor has raised the former claim but not the latter.

Second, Zakhor asks us to follow *United States v. Spiropoulos,* 976 F.2d 155 (3rd Cir. 1992), the only circuit case to invalidate section 5E1.2(i). The Third Circuit invalidated the guideline because it found "no specific reference in [the Sentencing Reform Act] to recouping the costs of imprisonment as an appropriate goal of sentencing." *Id.* at 165. The opinion continued, "Recouping the costs of imprisonment has nothing to do with the nature or the seriousness of the offense [and] there is no reason to believe that assessing the costs of imprisonment ... deters criminal conduct." *Id.*

We decline to follow the Third Circuit's approach. We think 18 U.S.C. §§ 3553(a)(2)(A)–(B) and 28 U.S.C. §§ 994(c)(3), (6) provide ample authority in

the Sentencing Reform Act for fines imposed under section 5E1.2(i). We agree with the Second Circuit that the Third Circuit's scrutiny fails to "evaluate [section 5E1.2(i) ] in the context of the guidelines as a whole and the criminal justice theories on which they were constructed." *Leonard,* 37 F.3d at 40; *see also Turner,* 998 F.2d at 536 (professing to be "flabbergasted" at the Third Circuit's assertion that incarceration-cost recovery has no relation to deterrence).

Next, Zakhor argues that section 5E1.2(i) cannot promote just punishments or deterrence because Guideline section 5E1.2(c) already establishes the fine level necessary to promote these goals. We disagree. Section 5E1.2(c) determines fines according to the convict's offense level and section 5E1.2(i) sets the level of punishment for the cost of incarceration. *"Together,* these calculations comprise the Commission's effort to realize [the Sentencing Reform Act's] goals." *Hagmann,* 950 F.2d at 186. The difference between the objects punished explains why sections 5E1.2(b) and (i) allow incarceration-cost fines to exceed the maximum fine allowed in section 5E1.2(c), the section governing fines for underlying criminal conduct. Guidelines Manual, §§ 5E1.2(b), (i), at 287–88. Three other circuits have approved of this reading of section 5E1.2. *Leonard,* 37 F.3d at 40 (2d Cir.); *Turner,* 998 F.2d at 538 (2d Cir.); *Hagmann,* 950 F.2d at 186 (5th Cir.). Even the Third Circuit conceded in *Spiropoulos* that § 5E1.2(i) would not be excessive "simply because a defendant [were] also assessed a section 5E1.2(c)[ ] fine." 976 F.2d at 164 n. 9.

Last, Zakhor argues that because Congress created an explicit authorization for section 5E1.2(i) in 1994, there must not have been any such authorization before that date. Zakhor asks us to rely on after-the-fact evidence of intent. We decline to do so here. "Congress may amend a statute simply to clarify existing law, to correct a misinterpretation, or to overrule wrongly decided cases. Thus, an amendment to a statute does not necessarily indicate that the unamended statute meant the opposite." *Hawkins v. United States,* 30 F.3d 1077, 1082 (9th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 2576, 132

L.Ed.2d 837 (1995). Our words of caution in *Hawkins* apply here. We think the fairest reading of the Sentencing Reform Act before the 1994 amendments enabled the Sentencing Commission to promulgate section 5E1.2(i).

### III.

In his second claim, Zakhor argues that section 5E1.2(i) deprives him of property without due process, in violation of the Due Process Clause of the Fifth Amendment. The section does not violate the Due Process Clause if it bears a rational relationship to a legitimate government purpose. *See United States v. Carson,* 988 F.2d 80, 82 (9th Cir. 1993); *accord Hagmann,* 950 F.2d at 187. We reject Zakhor's argument because, like the Fifth and Tenth Circuits, we conclude that section 5E1.2(i) comports with due process requirements. *May,* 52 F.3d at 889; *Hagmann,* 950 F.2d at 187.

Section 5E1.2(i) furthers two constitutionally legitimate purposes, "proportional punishment" and "general deterrence." *Carson,* 988 F.2d at 82. The severity of a crime determines a convict's offense level under the Guidelines, the offense level determines the length and severity of the sentence, and the sentence determines the amount of the section 5E1.2(i) fine. The fine is thus tailored to the severity of the crime. Section 5E1.2(i) is closely related, not just rationally related, to the purpose of just punishment. It is likewise closely related to deterrence, because the requisite punishment to satisfy deterrence should increase with the severity of the crime.

Zakhor argues that the purposes asserted above are pretextual—that the real purpose of section 5E1.2(i) is to collect money for victims' restitution. Section 5E1.2(i) fines, like most other fines collected from federal defendants, are deposited into the Crime Victims Fund. 42 U.S.C. § 10601(b)(1). The first $6.2 million from this fund go to the judicial branch for administrative expenses. 42 U.S.C. § 10601(d)(1). The rest of the proceeds finance organizations that compensate crime victims. 42 U.S.C. §§ 10601(d)(2)–(4), 10602–03a.

We reject Zakhor's argument because the government's use for his fine is irrelevant to the government's purpose for levying the fine against him. As a matter of just punishment, Zakhor owed the government for having imposed the cost of supervising his detention on society. As a matter of deterrence, section 5E1.2(i) requires Zakhor and others to factor in the possible cost of their incarceration or supervisory detention when they assess the possible gains from contemplated criminal conduct. The government satisfies both these purposes merely by levying the fine against Zakhor. "Deterrence [and just punishment do] not depend on what the government does with the money; it is enough that the offender be deprived of the wealth. From a defendant's perspective, the effect is the same if the money goes to victims, the Bureau of Prisons, or an incinerator." *Turner,* 998 F.2d at 537.

AFFIRMED.