97 F.3d 1462
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Manuel Cantu SALINAS, Defendant-Appellant.
 No. 92-30192.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 17, 1996.
Filed Aug. 3, 1995.
Withdrawn Aug. 19, 1996.
 
 Before: FARRIS, NOONAN, and HAWKINS, Circuit Judges.
 
 ORDER
 
 1
 Manuel Cantu Salinas motions for a recall of the mandate in his case. Finding good cause, we recall the mandate. See Zipfel v. Halliburton Co., 861 F.2d 565, 567 (9th Cir.1988). We withdraw the memorandum disposition filed on August 3, 1995, No. 92-30192, 62 F.3d 1426, and substitute in its place the memorandum disposition filed with this order.
 
 
 2
 MEMORANDUM*
 
 
 3
 Salinas challenges the life sentence and the fine he received after being convicted on one count of engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848 and on two counts of distributing cocaine in violation of 21 U.S.C. § 841. He also challenges the district court's conditional vacation of his conspiracy conviction on double jeopardy grounds. We affirm the conditional vacation of his conspiracy conviction, as it raises no double jeopardy concern. We reverse, however, Salinas's sentence and fine and remand for resentencing.
 
 ANALYSIS
 
 4
 In determining Salinas's sentence, the district court calculated the quantity of drugs attributable to Salinas based on the report of the probation officer that Salinas had been involved in the distribution of at least 231 kilos of cocaine. This information was derived from the statement made to investigators by Rex Draper that he had sold an average of 1.5 kilograms a week for Salinas over a three-year period. This statement is contrary to Draper's testimony at the trial; he testified that he sold about 30 kilos for Salinas. Given the conflict between Draper's sworn testimony and the hearsay statement reported by the investigator, the figure of 231 kilos was not a reliable basis for the court to use for sentencing. See U.S.S.G. § 6A1.3(b). Consequently, Salinas's sentence is vacated and remanded for resentencing. See 18 U.S.C. § 3742(f)(1).
 
 
 5
 The fine must also be vacated because the amount of the fine was calculated based on the length of incarceration imposed. As that length may be changed at resentencing, the district court should also reconsider the amount of the fine and Salinas's ability to pay. The district court is free to consider Salinas's participation in the prison program again in determining his ability to pay and to impose a fine to cover the cost of incarceration. See United States v. Zakhor, 58 F.3d 464, 466-67 (1995); United States v. Haggard, 41 F.3d 1320, 1329 (1994); United States v. Favorito, 5 F.3d 1338, 1340 (9th Cir.1993), cert. denied, 114 S.Ct. 1374 (1994). Accordingly, we VACATE Salinas's sentence and fine and REMAND for resentencing not inconsistent with this opinion.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3