129 F.3d 128
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Carl Deo POOLEY, Defendant-Appellant.
 Nos. 96-30344, 96-30345.
 United States Court of Appeals, Ninth Circuit.
 Oct. 23, 1997.
Submitted October 20, 1997*
 
 1
 Appeal from the United States District Court for the District of Oregon, Michael R. Hogan, Chief District Judge, Presiding.
 
 
 2
 Before THOMPSON, NELSON, and KLEINFELD, CJ.
 
 
 3
 MEMORANDUM**
 
 
 4
 Carl Deo Pooley appeals his guilty plea conviction and 120-month sentence for manufacturing marijuana, in violation of 21 U.S.C. § 841(a)(1).[1] Pooley contends that the district court erred by (1) denying his motion to suppress the evidence, (2) calculating his sentence based on more than 100 marijuana plants, and (3) enhancing his sentence based on a prior felony drug conviction. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 A. Motion to Suppress
 
 5
 Pooley contends that the district court erred by denying his motion to suppress the marijuana plants seized from his property because statements made in the affidavit supporting the search warrant were either intentionally or recklessly false and, therefore, did not constitute probable cause. This contention lacks merit.
 
 
 6
 "We review de novo a district court's denial of a motion to suppress evidence seized in a search." United States v. Kemmish, 120 F.3d 937, 939 (9th Cir.1997). We review the district court's factual findings for clear error. See id. A search warrant will not be questioned unless the defendant can show that the affiant included information in the affidavit that was recklessly or intentionally false and the information was necessary to find probable cause. See Franks v. Delaware, 438 U.S. 154, 156 (1978).
 
 
 7
 Here, the affiant's statement that he believed, rather than positively identified, the plants growing in the greenhouse to be marijuana was not recklessly or intentionally false. See Franks, 438 U.S. at 156.; see also Texas v. Brown, 460 U.S. 730, 742 (1983) (noting that probable cause merely requires a reasonable belief that certain items may be evidence of a crime, not that the belief be correct or more likely true than false). In addition, the other factual discrepancies pointed to by Pooley, even if true, are immaterial to a finding of probable cause. See id.
 
 
 8
 Accordingly, the district court did not err by denying Pooley's motion to suppress the evidence. See Kemmish, 120 F.3d at 939.
 
 B. Number of Marijuana Plants
 
 9
 Pooley contends that the district court erred by finding that he was responsible for more than 100 marijuana plants for purposes of calculating his sentence. We disagree.
 
 
 10
 Here, it is clear from the record that there were at least 112 marijuana plants with visible roots and rootballs seized from Pooley's property at the time the search warrant was executed. Thus, the district court did not clearly err by finding Pooley responsible for more than 100 marijuana plants for purposes of sentencing. See United States v. Asagba, 77 F.3d 324, 325 (9th Cir.1996) (stating that factual findings made at sentencing are reviewed for clear error); see also U.S.S.G. § 2D1.1, comment (n. 18) (1995) (providing that a marijuana cutting having roots, a rootball, or root hairs is a marijuana plant).
 
 C. Prior Felony Drug Conviction
 
 11
 Finally, Pooley contends that the district court erred by construing his prior state court conviction for racketeering as a felony drug offense for purposes of enhancing his sentence.
 
 
 12
 Questions of law are reviewed de novo. See United States v. Zakhor, 58 F.3d 464, 465 (9th. Cir.1995). A felony drug offense is an offense "that is punishable by imprisonment for more than one year under any law ... of a State ... that prohibits or restricts conduct relating to ... marihuana...." See 21 U.S.C. § 802(44) (1997).
 
 
 13
 Here, Pooley was convicted in Oregon state court of racketeering which is a felony with a maximum penalty of more than one year. See Or.Rev.Stat. §§ 161.605(1), 166.720 (1995). According to the amended indictment and the order of probation under which Pooley was convicted, the racketeering offense was related to unlawful controlled substances, including marijuana. The Oregon statute clearly contemplates the prohibition of racketeering as it relates to controlled substances. See Or.Rev.Stat. § 166.715. Thus, the district court did not err by construing Pooley's prior conviction as a felony drug offense in order to enhance his sentence. See 21 U.S.C. §§ 802(44), 841(b)(1)(B)(vii).
 
 
 14
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 [1]
 Pooley was convicted for various other offenses not at issue in this appeal