**UNITED STATES OF AMERICA,**
**Plaintiff–Appellee,**

v.

**Charles R. GRANNIS, Defendant–Appellant.**

**No. 02–5867.**

United States Court of Appeals,
Sixth Circuit.

Nov. 26, 2003.

William Cohen, Asst. U.S. Attorney, U.S. Attorney's Office, Nashville, TN, for Plaintiff–Appellee.

Charles R. Grannis, pro se, Nashville, TN, for Defendant–Appellant.

Before ROGERS and COOK, Circuit Judges; and COHN, District Judge.*

## ORDER

Charles R. Grannis appeals a district court judgment denying his petition for remission of a fine and the costs of incarceration imposed at sentencing. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1995, Grannis was convicted under several firearm statutes and sentenced to

---

* The Honorable Danny C. Reeves, United States District Judge for the Eastern District of Kentucky, sitting by designation.

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

seventy-eight months of imprisonment and three years of supervised release. The district court also imposed a fine in the amount of $10,000 and assessed Grannis the costs of his imprisonment. On direct appeal, Grannis challenged the district court's denial of his motion to suppress evidence, but he did not challenge the propriety or amount of the imposed fine and costs. A panel of this court affirmed the district court's judgment. *United States v. Grannis*, Nos. 96–5545, 96–5673, 1997 WL 267589 (6th Cir. May 19, 1997).

On April 15, 2002, Grannis filed a petition for remission of fines in the district court. In his petition, Grannis cited 18 U.S.C. § 3593 (construed as § 3573) for the proposition that the district court erred in determining his fine, and cited Fed.R.Civ.P. 60(b) for the proposition that he should be relieved of the fine because of fraud, misrepresentation, and the inequity associated with the judgment. Grannis also argued that the imposition of costs of incarceration is unconstitutional. The district court denied the petition. Grannis appeals that judgment.

On appeal, Grannis appears to claim that he has been improperly denied his appellate rights. He seeks to have this court "reinstate his right to perfect his original direct appeal 'pro se'," and moves the court to be provided with copies of all trial transcripts at the government's expense. The government has filed a motion to dismiss the appeal for lack of jurisdiction, and the case has been held in abeyance pending a ruling on the government's motion.

Initially, we deny the government's motion to dismiss the appeal for lack of jurisdiction. Pursuant to local rule, motions to dismiss on grounds other than lack of jurisdiction may not be filed in this court. Rule 27(e)(1), Rules of the Sixth Circuit. The government's motion in this case, which discusses the merits of the appeal, is

tantamount to a motion to affirm, which is prohibited. Rule 27(e)(3), Rules of the Sixth Circuit.

Nonetheless, upon review, we conclude that Grannis has abandoned the only issues properly before the court. Issues that were raised in the district court, yet not raised on appeal, are considered abandoned and not reviewable on appeal. *Enertech Elec., Inc. v. Mahoning County Comm'rs*, 85 F.3d 257, 259 (6th Cir.1996). In the district court, the issues were: 1) whether the district court erred in determining Grannis's fine; and 2) whether the imposition of costs of incarceration is unconstitutional. On appeal, however, Grannis has filed a brief that is devoid of any argument pertaining to the foregoing issues. Thus, he abandons any issue regarding the propriety of the imposition of the fine or costs.

Even if we were to liberally construe Grannis's appellate arguments as to not constitute an abandonment of his district court issues, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the arguments are meritless. To the extent that Grannis's motion seeking remission of his fine can be construed as one filed on the authority of 18 U.S.C. § 3573, we note that, by its own terms, 18 U.S.C. § 3573 applies strictly to the government, and not to defendants. *See, e.g., United States v. Linker*, 920 F.2d 1, 2 (7th Cir.1990).

Similarly, Grannis's second contention is meritless. He argues that the imposition of the costs of incarceration is unconstitutional. This circuit has held otherwise. *United States v. Breeding*, 109 F.3d 308, 310–12 (6th Cir.1997).

Accordingly, we hereby return this case to the active docket, deny Grannis's motion for transcripts, deny the government's motion to dismiss for lack of jurisdiction, and

affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.