**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Robert Allen TRIBBLE, Defendant–
Appellant.**

No. 03–5467.

United States Court of Appeals,
Sixth Circuit.

Aug. 6, 2004.

Gary Humble, Asst. U.S. Attorney, Chattanooga, TN, for Plaintiff–Appellee.

Lex A. Coleman, Johnson, Mulronny & Coleman, Chattanooga, TN, for Defendant–Appellant.

Robert Allen Tribble, Aiken, SC, pro se.

Before CLAY and GILMAN, Circuit Judges; and O'MALLEY, District Judge.*

## ORDER

Robert Allen Tribble appeals a district court sentence imposed following his convictions for bank fraud, two counts of transfer of false identification, possession of document-making implements, and two counts of making false statements in an application for a passport. The parties have waived oral argument in this case. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On April 19, 2001, Tribble was indicted in the United States District Court for the District of South Carolina on six counts, including conspiracy to possess and transfer false identification documents, possession of document-making implements, and making false statements in applications for passports. On April 25, 2001, Tribble was indicted in the United States District Court for the Eastern District of Tennessee on charges of bank fraud and transporting stolen property across state lines. Tribble pleaded guilty to a single count of

bank fraud in a superceding indictment in the district court on January 23, 2002. The charges pending against Tribble in South Carolina subsequently were transferred by consent to the district court, and Tribble pleaded guilty to five of the six counts. After the Probation Office prepared a Presentence Report, the district court conducted a sentencing hearing. The district court sentenced Tribble to a total of thirty months of imprisonment, five years of supervised release, and imposed a $20,000.00 fine. The court also imposed a $600.00 special assessment and ordered Tribble to make restitution totaling $13,500.00. Tribble filed a timely notice of appeal.

On appeal, Tribble contends that: (1) the district court erred in awarding restitution to non-victim participants in his fraud; (2) the district court erred in its calculation of the amount of restitution; and (3) the amount of his fine is excessive. The government responds that Tribble waived his right to contest the restitution ordered as well as his offense level, and that this court does not have jurisdiction to review the fine imposed by the district court. Upon consideration, we affirm the district court's judgment.

Generally, this court reviews de novo the propriety of ordering restitution, but reviews only for an abuse of discretion the determination of the amount of restitution ordered. *United States v. Bearden*, 274 F.3d 1031, 1040 (6th Cir.2001). Similarly, this court reviews de novo the propriety of the imposition of a fine, *see United States v. Guardino*, 972 F.2d 682, 687 (6th Cir. 1992), but reviews only for an abuse of discretion the determination of the amount of a fine imposed. *United States v.*

---

* The Honorable Kathleen M. O'Malley, United States District Judge for the Northern District of Ohio, sitting by designation.

*Blanchard,* 9 F.3d 22, 24 (6th Cir.1993). However, this court reviews only for plain error where a defendant waives the right to assert an error on appeal by failing to object to an alleged error at sentencing. *See United States v. Bondurant,* 39 F.3d 665, 668 (6th Cir.1994).

■ First, Tribble waived his right to challenge the district court's order that he pay $8,000.00 restitution to two of his victims. The record reflects that the individuals at issue were illegal immigrants to this country who paid Tribble money after he misrepresented himself as an attorney who could help them become United States citizens. At sentencing, Tribble first objected that these individuals were not victims of his crimes because they pleaded guilty to crimes involving their attempt, with Tribble's help, to illegally obtain United States passports. Tribble also argued that these individuals received some value from the fees paid to him, and also objected to the amount of restitution proposed in the Presentence Report. However, Tribble ultimately agreed that he owed restitution in the amount of $8,000.00 to these individuals. Under these circumstances, Tribble waived his right to appeal the imposition and amount of restitution. Moreover, the district court did not commit clear error in awarding restitution to these individuals because they lost money as a result of Tribble's offense conduct. *See Hughey v. United States,* 495 U.S. 411, 413, 110 S.Ct. 1979, 109 L.Ed.2d 408 (1990).

■ Second, Tribble did not waive his right to challenge the fine imposed in this case because he did not have an opportunity to object at sentencing. *See United States v. Breeding,* 109 F.3d 308, 309–10 (6th Cir.1997). Although Tribble now asserts that the fine is excessive and that he is unable to pay the fine, the amount of the fine was within the guideline range of

$3,000.00 to $1,000,000.00. Given this range, the district court did not err in imposing a $20,000.00 fine in this case. In fact, the court was required to impose a fine within the guideline range because Tribble made no showing of present and future inability to pay. *See United States v. Tosca,* 18 F.3d 1352, 1355 (6th Cir.1994). Moreover, the government also correctly notes that the sentencing guidelines application note cited by Tribble on appeal provides that the fine imposed should be at least twice the amount of the actual loss attributable to Tribble's conduct, rather than a maximum of twice that amount. *See* USSG § 5E1.2, comment (n.4).

■ Finally, the government correctly notes that Tribble waived his right to contest his offense level. Tribble's appellate brief separately addresses only the two claims on appeal already addressed. However, to the extent that Tribble's brief can be read as asserting a claim that his guideline range was miscalculated based upon excessive amounts of loss attributed to his offense conduct, the claim was waived by Tribble's failure to object at sentencing. *See United States v. Ukomadu,* 236 F.3d 333, 340 (6th Cir.2001). Accordingly, any claim regarding Tribble's offense level lacks merit.

For the foregoing reasons, the district court's judgment is affirmed.