**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Kenya Marquis HUTSON, a/k/a Ken Hutson, a/k/a Kenya Markisha Hutson, Defendant–Appellant.**

No. 05–50096.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 2006.

Filed June 7, 2006.

---

* The Honorable James V. Selna, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Before: CANBY, NOONAN, and BERZON, Circuit Judges.

## MEMORANDUM *

Defendant/Appellant Kenya Marquis Hutson appeals from the prison sentence of 180 months (15 years) imposed on him following his conviction in the Central District of California of eleven counts of mail fraud, in violation of 18 U.S.C. § 1341, and three counts of wire fraud, in violation of 18 U.S.C. § 1343. On appeal, Hutson challenges the constitutionality of the procedure used by the district court to determine his sentence and also asserts that the sentence imposed is unreasonable.[1]

First, Hutson contends that the district court violated the Sixth Amendment because it enhanced his advisory Guidelines range based on judicially-found facts regarding the circumstances of Hutson's offense. This argument is meritless. Contrary to Hutson's contentions, after the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the Sentencing Guidelines are merely "advisory." *See United States v. Cantrell*, 433 F.3d 1269, 1277 (9th Cir.2006). Under the post-*Booker*, advisory Guidelines regime, judicial fact-finding does not result in a Sixth Amendment violation. *United States v. Ameline*, 409 F.3d 1073, 1077–78 (9th Cir.2005) (en banc). Thus, the district court did not violate the Sixth Amendment by enhancing Hutson's sentence based on judicially-found facts.

Second, Hutson contends that the district court impermissibly gave retroactive effect to the remedial opinion in *Booker* that rendered the Guidelines advisory. But we squarely rejected an identical argument in *United States v. Dupas*, 419 F.3d 916, 921 (9th Cir.2005). We are bound by our holding in *Dupas* and cannot, as Hutson urges, "overturn" that decision. *See United States v. Camper*, 66 F.3d 229, 232 (9th Cir.1995).

Finally, Hutson contends that the 15-year sentence imposed by the district court is unreasonable.[2] We do not agree. The district court explicitly provided a reasoned evaluation of the sentencing factors set forth in 18 U.S.C. § 3553(a), including the nature of the offense conduct and Hutson's history and characteristics. It then imposed a sentence of 180 months (15 years)—a sentence that was *below* the low end of the advisory Guidelines range (210–262 months). We are not persuaded by Hutson's critiques of the district court's sentencing rationale. Although it is true that the district court indicated a desire to impose a sentence that would deter others from committing telemarketing fraud, general deterrence is a permissible sentencing consideration. *See United States v. Zakhor*, 58 F.3d 464, 466–67 (9th Cir.1995). And while Hutson claims that his sentence

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

**1.** We review constitutional challenges to a district court's sentencing procedure de novo. *See, e.g., United States v. Labrada–Bustamante*, 428 F.3d 1252, 1261 (9th Cir.2005). The sentence imposed by a district court under the post-*Booker* advisory Guidelines regime is reviewed for reasonableness. *United States v.*

*Booker*, 543 U.S. 220, 261, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

**2.** Although Hutson's sentence falls below the lower end of the advisory Guidelines range for his offense, we have jurisdiction to review his sentence for reasonableness under the reasoning of *United States v. Plouffe*, 436 F.3d 1062 (9th Cir.2006), *amended by* 445 F.3d 1126 (9th Cir.2006).

was disproportionately high compared to the sentences of defendants convicted of similar crimes, there is no evidence in the record to support that assertion. Under these circumstances, we cannot say that Hutson's 180–month sentence was unreasonable as a matter of law.

The judgment of the district court is AFFIRMED.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.