**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**James Albert WILLIAMS, Jr.,**
**Defendant–Appellee.**

No. 03–3575.

United States Court of Appeals,
Sixth Circuit.

May 6, 2004.

Sharon L. Long, Asst. U.S. Attorney, U.S. Attorney's Office, Cleveland, OH, Stephan E. Oestreicher, Washington, DC, for Plaintiff–Appellant.

Debra K. Migdal, Federal Public Defender's Office, Cleveland, OH, for Defendant–Appellee.

Before MERRITT and MOORE, Circuit Judges; and DUGGAN,* District Judge

MERRITT, Circuit Judge.

■ In this sentencing appeal in which the district court departed downward without notifying the parties prior to the sentencing hearing and the imposition of the sentence, the question is whether Rule 32(h) of the Federal Rules of Criminal Procedure, codifying *Burns v. United States,* 501 U.S. 129, 111 S.Ct. 2182, 115 L.Ed.2d 123 (1991), requires that we remand the case to the district court for resentencing in light of the district court's failure to comply with its terms. We conclude that we are required to remand to the district court for reconsideration of the downward departure because of the court's failure to notify the parties prior to sentencing.

In *Burns,* the Court expressed its holding as follows:

> Here we deal with the extraordinary case in which the district court, on its own initiative and contrary to the expectations of both the defendant and the government. decides that the factual and legal predicates for a departure are satisfied. The question before us is whether Congress, in enacting the Sentencing Reform Act. intended that the district court be free to make such a determination without notifying the parties. We believe that the answer to this question is clearly "No."

*Id.* at 135.

In footnote 4 of the opinion in *Burns,* the Court explained further:

> It is equally appropriate to frame the issue as whether the parties are entitled to notice before the district court departs upward or downward from the Guidelines range. Under Rule 32, it is clear that the defendants and the government enjoy equal procedural entitlements.

*Id.* at 135 n. 4 (emphasis in original).

As in the present case before us, the Court in *Burns* was aware of the fact that there was no objection to the district court's departure after sentence was pronounced, nor was there an objection based upon surprise. Clearly implicit in the *Burns* Court's holding is a ruling that a failure to object after the sentence is imposed at the sentencing hearing should not be regarded as a waiver of the objection. In the present case before us, neither side could have anticipated the action of the court at sentencing, and we are therefore constrained by the *Burns* case to remand for reconsideration the downward departure from Level 17 (with a range of 46 to 57 months) to a sentence of 24 months.

■ Although the defendant argues that the government is only entitled to plain-error review under Federal Rule of Criminal Procedure 52(b), we have previously held that where a party has no meaningful opportunity to object to a district court's decision at sentencing, that error is not considered waived. *See United States v. Breeding,* 109 F.3d 308, 310 (6th Cir.1997); *United States v. Hickey,* 917 F.2d 901, 906 (6th Cir.1990). In the case at bar, the district court announced the sua sponte downward departure and immediately pronounced sentence; in such a case, "a post-sentence objection is not necessarily required to preserve the issue for appeal if [a party] could not reasonably have anticipated the issue would arise until after the court ruled." *United States v. Cortes-*

* The Honorable Patrick J. Duggan. United States District Judge for the Eastern District of Michigan, sitting by designation.

*Claudio,* 312 F.3d 17, 18–19 (1st Cir.2002); *see also United States v. Muzika,* 986 F.2d 1050, 1055 (7th Cir.1993) (nothing suggests "that a party must object to a final judgment at the time it is imposed in order to reserve its right to appeal").

Accordingly, the case is remanded to the district court for the limited purpose of resentencing the defendant after properly notifying the parties with respect to the prospect of a downward departure.[1]

---

1. We are remanding for reconsideration the sentence imposed by the court below on the basis of the Supreme Court opinion in *Burns* and, therefore, we pretermit other issues raised by the parties concerning the propriety of the downward departure on the merits and the retroactivity of Public Law No. 108–21, 117 Stat. 650 (2003), amending 18 U.S.C. § 3742(e).