**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name:  08a0046n.06
Filed:  January 15, 2008

**06-2457**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| JAHMAL WHITFIELD, | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

Before:  DAUGHTREY and COLE, Circuit Judges; COLLIER,[*] District Judge.

PER CURIAM.    The defendant, Jahmal Whitfield, was indicted on three counts: being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1), and possession of cocaine base in violation of 21 U.S.C. § 844(a).  Moments before his trial began and after the jury had been seated, the defendant made a *pro se* motion for new counsel arguing that his appointed counsel was unprepared.  The court denied the motion.  After the government rested, the defendant again addressed the court, requesting that he be allowed to telephone a witness who had not shown up.  The judge declined to interrupt the proceedings. The jury subsequently convicted Whitfield on all three counts.  At sentencing,

---

[*]The Hon. Curtis L. Collier, Chief United States District Judge for the Eastern District of Tennessee, sitting by designation.

the district court calculated the guidelines range at 24 to 30 months but rejected this range as inadequate, based on consideration of the other factors listed in 18 U.S.C. § 3553(a). Instead, the court sentenced the defendant to 60 months on each of counts one and two, to be served concurrently, and 12 months on count three, also to be served concurrently. The defendant now appeals his conviction, contending, first, that the district court abused its discretion by denying his motion for new counsel and by denying his request to secure his witness. He also appeals his sentence, arguing that the court violated Federal Rule of Criminal Procedure 32(h) by failing to give the defendant notice that the court was contemplating an upward variance and, second, that his sentence is substantively unreasonable. For the reasons set out below, we affirm the convictions but, based on the district court's noncompliance with Rule 32(h), we vacate the defendant's sentence and remand for a new sentencing hearing.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The drug-trafficking charges in this case arose from the seizure of contraband during the execution of a search warrant at the Detroit residence where the defendant was living with a woman named Angela Johnson. Among other items seized by police in the kitchen of the apartment were a film container with 3.9 grams of cocaine base, a larger plastic baggie containing loose marijuana, 13 smaller baggies containing amounts of marijuana that appeared to be packaged for re-sale (for a total weight of 26.51 grams of marijuana), and a digital scale. The police also recovered $557 in cash from a night stand

in the bedroom where Whitfield and Johnson were found, a loaded .25 caliber handgun under a couch cushion in the living room, and a Martin rifle propped up against a wall in the dining room.

Whitfield was indicted and the case went to trial. Minutes before trial began, the defendant informed the court that he no longer wanted to be represented by his "present counsel," citing "difficulties" between the two and "failure to communicate over the last couple of months." The district judge asked whether Whitfield had "another lawyer here . . . to step in and take his place," to which the defendant responded in the negative. The crux of the complaint appeared to be that the lawyer "ha[d] not got in touch with any of my witnesses or anything of that nature." The district judge concluded that the defendant was "stalling" and denied relief, after reviewing two letters that the defendant had sent to the court at some point prior to trial and determining that in neither letter did the defendant mention dissatisfaction with his attorney or a request to replace his attorney. The defendant asserted that something had been said during a hearing three days earlier before the magistrate judge about his dissatisfaction with his lawyer, but the district judge pointed out that Whitfield had appeared in his court on several occasions and had not raised the issue, causing the judge to conclude that the defendant's last minute request was only for one purpose, *i.e.*, "to delay the proceedings."

After the government rested its case, the district judge inquired whether the defendant would be presenting any proof and learned that although Whitfield proposed to

call Angela Johnson as a witness, she had not been subpoenaed and was not present and available to testify. The defendant asked to be allowed to contact her by telephone, but when the judge asked about his purpose in calling her as a witness, the defendant replied, "Because it's her house, your Honor, and this is where the incident occurred at." The record is otherwise devoid of any indication about the nature or substance of Johnson's proposed testimony. After further discussion concerning Johnson's absence, the district judge ordered the resumption of trial without making an explicit ruling on the defendant's request to telephone Johnson.

The defendant testified in his own defense, admitting that the marijuana and crack cocaine were his but denying that he was involved in selling the drugs, claiming instead that they were there solely for his personal use. He also maintained that the guns were not his, that he had never seen the rifle before and had no idea where it came from, and that the pistol was Angela Johnson's. The jury concluded otherwise and convicted Whitfield on all three counts of the indictment.

At the sentencing hearing, neither side objected to the presentence report, in which the defendant's offense level was calculated at 15 and his criminal history at III, resulting in a guidelines range of 24-30 months for counts one and two and not more than 12 months for count three. The report did not recommend a variance. Whitfield's attorney asked the court to sentence at the low end of the range. In response, the judge announced that "for the reasons that will be stated in a written Opinion that will be issued

this afternoon," he had concluded that the guidelines "are inadequate for sentencing in this case." The court then orally imposed a sentence of 60 months on each of counts one and two, to be served concurrently, and 12 months on count three, also to be served concurrently, three years of supervised release, and a special assessment of $225, and recommended drug testing and/or treatment "at the discretion and direction of the United States Probation Department." After imposing the sentence the judge reiterated that he would issue a written opinion that afternoon "with respect to why the Court is deviating from the advisory sentencing guidelines" and asked, "Is there anything further either counsel wish to place on the record in this matter?" Defense counsel responded, "Just for the record, your Honor, we would object to the Court exceeding the guidelines in this case."

In the written opinion that followed the hearing, the district court offered several reasons for the upward variance: the defendant's behavior throughout the proceedings, including his "challenging" of his attorney and the court, and the defendant's incredible testimony; the fact that, given the proof in the record, the defendant could have been charged with possession of a firearm in furtherance of a drug-trafficking crime, which would have carried a minimum five year sentence, and with the possession of the weapons in the house; the defendant's "clear pattern of disrespect for the law his entire adult life" as reflected by his three prior felony convictions, his arrest on five additional charges for which no disposition was shown in the presentence report, his multiple traffic citations "for failure to comply with the law," and his child support arrearage of over $23,000; the defendant's repeated violation of probation; and the fact that none of his relatively light previous

sentences deterred him from committing crimes again. Finally, the district court cited the need to protect the public from the defendant, whom the district judge described as a "career criminal," even though Whitfield was not indicted as such.

## II. DISCUSSION

### A. Request for Substitute Counsel

Whitfield contends that his conviction should be reversed because the district court refused to continue the trial in order to allow him to obtain the services of another counsel. The court obviously could have conducted a more searching inquiry of Whitfield's attorney before denying the defendant's motion. However, in view of the untimeliness of the defendant's request and the district court's broad discretion in this area, we conclude that no Sixth Amendment violation occurred in this instance.

Although an essential element of the right to assistance of counsel is the right to counsel of one's choice, that right is not absolute. *See United States v. Mooneyham*, 473 F.3d 280, 291 (6th Cir. 2007). "An indigent defendant has no right to have a particular attorney represent him and therefore must demonstrate good cause to warrant substitution of counsel." *Id.* (internal quotations and citation omitted). Moreover, we review a district court's decision denying a defendant's motion for substitution of counsel or an attorney's motion to withdraw for abuse of discretion only. *See United States v. Chambers*, 441 F.3d 438, 446 (6th Cir. 2006). In deciding whether a district court has abused its discretion, we

"must consider the timeliness of the motion; the adequacy of the court's inquiry into the defendant's complaint; and whether the conflict between the attorney and client was so great that it resulted in a total lack of communication preventing an adequate defense." *Mooneyham*, 473 F.3d at 291 (internal quotations and citation omitted). "In addition, consideration of such motions requires a balancing of the accused's right to counsel of his choice and the public's interest in the prompt and efficient administration of justice." *Id.* (internal quotations and citation omitted). Moreover, the Supreme Court has held that "[t]rial judges necessarily require a great deal of latitude in scheduling trials. . . . Consequently, broad discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay violates the right to the assistance of counsel." *Morris v. Slappy*, 461 U.S. 1, 11-12 (1983)(internal quotations and citation omitted). As one circuit court has interpreted this holding, when "the granting of the defendant's request would almost certainly necessitate a last-minute continuance, the trial judge's actions are entitled to extraordinary deference." *United States v. Pierce*, 60 F.3d 886, 891 (1st Cir. 1995).

Taking the *Mooneyham* factors into account, we conclude that the denial of Whitfield's motion was not an abuse of the district court's broad discretion. The timeliness of the motion obviously weighs against the defendant. Even assuming that the defendant raised the issue before the magistrate judge, that event came only three days before trial and, therefore, also occurred late in the proceedings. *See United States v. Trujillo*, 376 F.3d 593, 606-07 (6th Cir. 2004) (three days before trial held untimely). Moreover, as the

district court noted, Whitfield had several chances to raise the issue in the period leading up to trial.

The one factor that weighs in the defendant's favor is the adequacy – or, as here, the apparent inadequacy – of the district court's inquiry into the substance of defendant's complaint, but it nonetheless fails to tip the scales in his favor. The reason for requiring such an inquiry is to give the defendant the opportunity to explain the basis for his dissatisfaction with counsel and to establish good cause for the appointment of substitute counsel. *See United States v. Jennings*, 945 F.2d 129, 132 (6th Cir. 1991) (remanding "for the purpose of allowing the district court to personally inquire from each defendant his reasons for dissatisfaction with counsel"). Here, the defendant was given that opportunity – the judge invited him, twice, to express his complaint. The judge also appropriately asked the defense attorney to respond to Whitfield's accusations. *See Chambers*, 441 F.3d at 447 (holding district court's inquiry adequate where defendant was given opportunity to explain alleged conflict and counsel "was also given an opportunity to respond and gave a detailed explanation of the history of his representation" of the defendant). Unfortunately, counsel's explanation was less than detailed, and the court's inquiry of him was less than searching. Nevertheless, counsel did assure the judge that he had spoken with his client on more than one occasion and that they had "[gone] over everything." He also implied that his client was trying to stall when he expressed his frustration that Whitfield "doesn't want to take a plea. But he doesn't want to go to trial. So I really don't know where he is coming from." Hence, it was not wholly unreasonable

for the judge, armed with the information he had gathered at this point and with a jury already seated, to conclude that the defendant was simply trying to delay trial.

The last factor, the "actual extent of the conflict between the defendant and counsel," *Chambers*, 441 F.3d at 447, is difficult to evaluate on this record given the superficiality of the inquiry conducted by the district court. We cannot say, however, that it was unreasonable for the district court to conclude that the attorney's assurance that he had "[gone] over everything" with his client indicated that communication had not completely broken down. *See United States v. Williams*, 176 F.3d 301, 314 (6th Cir. 1999) (no abuse of discretion where "the district court was not satisfied that communication had truly broken down, only that there was some lack of understanding or lack of confidence between [the client] and his lawyer"). Yes, the inquiry into the situation could have been conducted more throughly. But, after considering all the factors together, we find no abuse of discretion in the district court's determination that the accused's invocation of his right to counsel of choice was outweighed by the public's interest in prompt and efficient administration of justice.

## B. Right to Compulsory Process

The defendant complains on appeal that the district court violated his right to compulsory process in failing to grant a continuance so that he could produce Angela Johnson as a witness at trial. The record shows conclusively, however, that the defendant did not make a motion for a continuance and, indeed, had never issued a subpoena for

Johnson, instead relying on her to appear voluntarily. Even if we were to interpret the defendant's request that he be allowed to contact Johnson by telephone as the functional equivalent of a motion for a continuance, we could not say that the district court abused its discretion in failing to interrupt the trial on the basis of the meager information supplied by the defense with regard to Johnson's availability and the substance of her proposed testimony.

We have focused on several factors when reviewing a district court's denial of a motion to continue in order to obtain a witness, including "the diligence of the defense in interviewing witnesses and procuring their presence, the probability of procuring their testimony within a reasonable time, the specificity with which the defense is able to describe their expected knowledge or testimony, the degree to which the testimony is expected to be favorable to the accused, and the unique or cumulative nature of the testimony." *Bennett v. Scroggy*, 793 F.2d 772, 774 (6th Cir. 1986)(internal quotations and citations omitted). We have further noted that "[t]here are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." *Id.* Additionally, in order to prevail the defendant must show actual prejudice. *See id.* In the case of a continuance for the purposes of locating a witness, that means "the moving party must show that the witness would have given substantial favorable evidence and that he was available and willing to testify." *United States v. Foster*, 128 F.3d 949, 952 (6th Cir. 1997). Given the defendant's

lack of diligence in securing his witness's presence and the lack of an adequate explanation to the district court with regard to the relevance of her testimony, as well as the defendant's failure to establish actual prejudice on appeal, we find no basis on which to find that Whitfield was denied a fair trial in this respect.

## C. Reasonable Notice under Rule 32(h)

The defendant argues that his sentence should be vacated because the district court failed to give reasonable notice pursuant to Federal Rule of Criminal Procedure 32(h) of its intent to impose an upward variance and the grounds for doing so. That rule provides:

> Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure. The notice must specify any ground on which the court is contemplating a departure.

Subsection (h) was added to Rule 32 by amendment in 2002 in order to codify the Supreme Court's holding in *Burns v. United States*, 501 U.S. 129, 138 (1991), that the guarantee in Rule 32 of the defendant's right "to comment on . . . matters relating to the appropriate sentence" necessarily included the right to notice of a court's intent to depart upward and the grounds for such a departure. We have subsequently held that Rule 32(h) is applicable not only to guideline departures (as it was traditionally) but also to variances. *See United States v. Cousins*, 469 F.3d 572, 580 (6th Cir. 2006).

It is undisputed that the district court did not give the defendant reasonable notice of its intent to impose an upward departure and that the possibility was not reflected in the PSI or in the parties' submissions. Indeed, the government concedes that the district court erred but asserts that the court's noncompliance with Rule 32(h) must be reviewed for plain error only, given that the defendant objected at sentencing only to the magnitude of the upward departure and not specifically to a violation of the rule. In contrast, the defendant argues for *de novo* review, which, to our knowledge has been applied only in an unpublished case in this circuit.[1] Because we conclude that the defendant is entitled to relief under either standard of review, we find it unnecessary to resolve this issue here and apply the more stringent standard simply for ease of analysis.

Pursuant to Federal Rule of Criminal Procedure 52(b), "plain error that affects substantial rights may be considered even though it was not brought to the court's attention." An appellate court must find "(1) error, (2) that is plain, and that (3) that affects

---

[1] In *United States v. Williams*, No. 03-3575, 2004 WL 1043096, *1 (6th Cir. May 6, 2004) (unpublished), a panel of this court held that when the defendant was given "no meaningful opportunity to object to a district court's decision at sentencing," the failure to lodge an objection based on Rule 32(h) should not be considered waived and, therefore, that plain error review requiring proof of actual prejudice is not appropriate. The *Williams* court reasoned that this conclusion is implicit in *Burns* itself, because in that case, the Supreme Court was aware that there was no objection but nonetheless did not apply plain error review. *See Williams*, 2004 WL 1043096, at *1; *see also United States v. Matheny*, 450 F.3d 633, 637 n. 2 (6th Cir. 2006)(noting discrepancy in this circuit's and other circuits' case law regarding whether plain error or harmless error review is appropriate). Moreover, although not cited by the *Williams* court, the rule announced by this court in *United States v. Bostic*, 371 F.3d 865 (6th Cir. 2004), provides the definition of what constitutes a "meaningful opportunity to object," holding that before plain error review is appropriate, the defendant must have remained silent after the district judge specifically asked for objections following imposition of sentence. Moreover, later cases have made clear that a district court satisfies the *Bostic* rule only by asking specifically for further objections that have not previously been raised and that general questions such as "Anything further for the record?" are not sufficient. *See, e.g., United States v. Thomas*, 498 F.3d 336, 340 (6th Cir. 2007).

substantial rights." *United States v. Meeker*, 411 F.3d 736, 741 (6th Circuit, 2005)(citing *Johnson v. United States*, 520 U.S. 461, 466-67 (1997)) (internal quotations omitted). Generally, in order to show that substantial rights are adversely affected, the defendant "must demonstrate prejudice as a result of the error." *Id.* at 741-42 (citing *United States v. Olano*, 507 U.S. 725, 734-35 (1993)) (internal quotations omitted). Finally, even where all three conditions are met, "an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 741 (citing *Johnson*, 520 U.S. at 467) (internal quotations omitted).

Although conceding plain error, the government argues that the defendant has failed to establish prejudice. To establish prejudice in Rule 32(h) cases, we have said that the defendant must explain how, if given the opportunity, he would have rebutted the district court's rationale. *See Meeker*, 411 F.3d at 742 ("where a defendant has had an opportunity to review the evidence relied upon by the district court, an explanation of how the defendant was prejudiced is required"); *but see Cousins*, 469 F.3d at 581 (prejudice prong of plain error review was met when the defendant argued that "such notice would have permitted his counsel to address the district court's concerns regarding his prior criminal history and potential (or lack thereof) for rehabilitation"). In challenging the substantive reasonableness of his sentence, the defendant has laid out at least some of the arguments that, presumably, he would have made to the district court if given the opportunity.

The government nonetheless argues that Whitfield's substantive unreasonableness argument is insufficient to establish prejudice for purposes of his Rule 32(h) argument because "[the] defendant does not dispute the district court's factual findings; rather, he argues with the district court's assessment of the impact of those findings on his sentence." We think that this argument begs the question. However, the purpose behind the notice requirement in Rule 32(h) is to promote "focused, adversarial resolution of the legal and factual issues" relevant to sentencing so that the district court may arrive at a sentence that is sufficient, but not greater than necessary, to comply with the purposes of the section 3552(a) factors. *See Burns*, 501 U.S. at 137. Here, because the district judge did not state his reasons in open court, let alone do so after giving adequate pre-hearing notice of those reasons, there was not – and could not have been – a "focused adversarial resolution" regarding Whitfield's sentence. This error was sufficiently significant, in our judgment, to have "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." It follows that the district court's sentencing order must be vacated and the case remanded for a new sentencing hearing.

## D. Substantive Reasonableness of the Sentence

Because this case is being remanded, there is no reason to analyze fully the substantive reasonableness of the sentence previously imposed by the district court. However, we would be remiss in failing to point out that the defendant's 60-month term of incarceration represents a 100 percent variance from the top of the applicable guideline

range of 24-30 months. While the recent Supreme Court opinion in *Gall v. United States*, 128 S. Ct. 586, 596 (2007), calls for the extension of a significant degree of deference by a reviewing court to the sentencing determinations of a district court, that opinion also reaffirms that in carrying out the "general directive" in Section 3553(a) to "impose a sentence sufficient but not greater than necessary," if a district court decides that "an outside-guidelines sentence is warranted, [it] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance."

We find troubling, for example, the district court's emphasis on the defendant's behavior at trial, which the court interpreted as having "challeng[ed]" his attorney and the court. While we are not in a position to judge demeanor of witnesses in the trial court, our reading of the colloquies between Whitfield and the district judge would indicate that in attempting to protect his right to counsel of choice, the defendant may have been vocal but was not rude, disrespectful, or unnecessarily disruptive. Equally troubling is the district court's consideration of Whitfield's prior arrests for which there were no known dispositions. The guidelines' policy statements indicate that in order to support an upward departure based on "prior similar adult conduct not resulting in a criminal conviction," there must be "reliable information" that the conduct occurred. *United States v. Jones*, 444 F.3d 430, 434 (5th Cir. 2006)(citing U.S.S.G. § 4A1.3(a)). Moreover, according to at least one circuit court, "arrests, standing alone, do not constitute reliable information." *Id.*

## III.  CONCLUSION

For the reasons set out above, we AFFIRM the defendant's convictions but VACATE the district court's sentencing order and REMAND the case for a new sentencing hearing.