**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0497n.06

**No. 13-1160**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jul 09, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| CHRISTOPHER ALLEN CAPER, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

**Before: CLAY** and **STRANCH**, Circuit Judges; and **BLACK**, District Judge.[*]

**BLACK**, District Judge.   Christopher Caper ("Defendant") appeals the sentence of 188 months imposed by the district court after he pled guilty to conspiracy to distribute and to possess with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B)(ii)(II).   Defendant challenges the district court's sentence, claiming that: (1) the district court committed procedural error by failing to adequately address his arguments for a variance; (2) the district court erred in failing to adequately address the 18 U.S.C. § 3553(a) factors; and (3) the district court erred in failing to provide a reasoned basis for its sentencing decision.   For the reasons that follow, we **AFFIRM**.

---

[*] The Honorable Timothy Black, United States District Judge for the Southern District of Ohio, sitting by designation.

## I.  BACKGROUND FACTS

### A.     The Offense

In 2012, Christopher Jones, a cocaine dealer in Kalamazoo, Michigan, had an offer to purchase cocaine at a bulk price.  Jones did not have enough money to meet the minimum purchase amount, so he recruited other cocaine dealers, including Defendant, to aggregate the group's funds.  Defendant and two other cocaine dealers went to a Kalamazoo hotel planning to make a joint purchase of 22.5 ounces (637 grams) of cocaine.  Of the four, Defendant brought the most purchase money—over $10,000 in cash.  Unbeknownst to Defendant and his colleagues, the seller was cooperating with authorities, who arrested the putative buyers.   At the time of arrest, Defendant was sitting in a car with $207 cash and a digital scale on his person and $9,900 in his car's glove box.  When questioned, Defendant told authorities that he was involved in the group's plan to purchase cocaine.

### B.     Sentencing

On August 29, 2012, pursuant to a plea agreement, Defendant pled guilty to Count 4 of the Indictment, which charged him with conspiracy to distribute and to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B)(ii)(II).

The Presentence Investigation Report ("P.S.I.R.") calculated Defendant's base offense level at 26.  U.S.S.G. § 2D1.1.  However, Defendant was deemed to be a career offender pursuant to U.S.S.G. § 4B1.1, because the sentencing offense was a controlled substance offense and Defendant had two prior felony convictions—for fleeing and

eluding (a crime of violence) and for delivery and manufacturing less than 50 grams of cocaine (a controlled substance offense). The actual amount involved in the second predicate offense (felony delivery and manufacturing) was 2.76 grams of crack-cocaine.

After adjusting Defendant's offense level upward to 34 as a career offender, then adjusting downward 3 levels for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b), Defendant's total offense level was deemed to be 31. Defendant's criminal history category became VI with his designation as a career offender pursuant to U.S.S.G. § 4B1.1(b). Offense level 31 and criminal history category VI result in a Guidelines sentencing range of 188–235 months. The statutory sentencing range is 5 to 40 years. Probation recommended a sentence of 188 months.

Defendant filed a Sentencing Memorandum and Motion for a Downward Variance. Defendant presented a multi-faceted argument in support of a variance below the advisory Guidelines range. In addition to arguing that the 18 U.S.C. § 3553(a) factors weighed in favor of a below Guidelines sentence, Defendant also argued that his limited involvement in a relatively small criminal conspiracy,[1] coupled with his criminal history, which was significantly overstated by his classification as a career offender, weighed in favor of a variance below the advisory Guidelines range.

On February 5, 2013, Defendant was sentenced to 188 months' imprisonment, the bottom of the Guidelines range calculated and recommended by the P.S.I.R. The district

---

[1] The Guidelines calculation did not include and Defendant never requested a reduction for "minor" or "minimal" participation pursuant to U.S.S.G. § 3B1.2. Nonetheless, Defendant requested a downward variance, arguing that his conspiratorial acts were limited in time and scope and that the career-offender Guideline was overly harsh.

court commented on the nature of the crime, declaring it a "serious offense" and an "egregious conspiracy." In contemplating the advisory Guidelines, the district court said that "the minimum guideline range" was needed to provide "adequate deterrence" and "to protect the public."

When the district court announced its intended sentence and inquired as to objections, Defendant's attorney said, "I just preserve for the record the Court's denial of the request for a downward variance."

Defendant timely filed his Notice of Appeal on February 5, 2013.

## II. STANDARD OF REVIEW

We review the reasonableness of a district court's sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). This general rule is modified, however, when the district court asks a *Bostic* question—that is, when it asks for objections to the sentence not previously raised. *United States v. Bostic*, 371 F.3d 865, 872–73 (6th Cir. 2004). "[R]egardless of how counsel [] answers the *Bostic* question," we review procedural and substantive claims made prior to sentencing for reasonableness. *United States v. Simmons*, 587 F.3d 348, 354 (6th Cir. 2009).

If the district court commits procedural error during sentencing—by failing to address a defendant's arguments, for example—and if the defendant does not object following the *Bostic* question, we review for plain error. *Simmons*, 587 F.3d at 354.[2]

---

[2] "Under the plain error standard of review, the defendant must show (1) there is error; (2) the error was clear or obvious rather than subject to reasonable dispute; (3) it affected the defendant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) it seriously affected the fairness, integrity or public reputation of judicial

Defendant argues that the correct standard of review is abuse of discretion, but the Government claims that counsel failed to object and therefore plain error review is appropriate. Federal Rule of Criminal Procedure 51(b) provides:

> A party may preserve a claim of error by informing the court—when the court ruling or order is made or sought—of the action the party wishes the court to take, or the party's objection to the court's action and the grounds for that objection. If a party does not have an opportunity to object to a ruling or order, the absence of an objection does not later prejudice that party.

A party who neglects to make an objection forfeits the argument and may obtain relief on appeal only if the error is "plain" and "affects substantial rights." Fed. R. Crim. P. 52(b). In *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008), this Court observed that Vonner was afforded an opportunity to object and responded that he had no objections, which, under *Bostic*, did not undermine his right to appeal issues previously raised, but it did "undermine his right to challenge the adequacy of the court's explanation for the sentence."

Here, after the district court pronounced its sentence, it asked whether either party had "any legal objection to the sentence imposed not previously raised." (R. 150 at PageID 624). The following exchange followed:

> **Mr. Springstead** (Counsel for Defendant): I just preserve for the record the Court's denial of the request for a downward variance.
>
> **The District Court:** Mr. Springstead, is it preserved whether you say it or not?
>
> **Mr. Springstead:** That's a good question.

---

proceedings." *United States v. Massey*, 663 F.3d 852, 856 (6th Cir. 2011) (internal quotation marks omitted).

> ***The District Court:*** It is.
>
> ***Mr. Springstead:*** I just – the Court of Appeals has been fairly restrictive in terms of their –
>
> ***The District Court:*** That's not been my experience. Not been my experience at all. They fish for things like that. This one's clear. This one's clear. You have a right of appeal. That appeal would have to be taken within the next 14 days …. And again, the motion for variance is denied for the reasons stated on the record. That's all for the record. Thank you.

(R. 150 at PageID 624–625).

An "opportunity" to object is illusory when the district court cuts off defense counsel, insisting that counsel need not even articulate an objection because "everything's preserved." (R. 150 at PageID 624–625). A district court has not complied with its procedural requirement where it has prevented counsel from any meaningful opportunity to object. *United States v. Williams*, 97 F. App'x 613, 614 (6th Cir. 2004) ("[W]here a party has no meaningful opportunity to object to a district court's decision at sentencing, that error is not considered waived." (citing *United States v. Breeding*, 109 F.3d 308, 310 (6th Cir. 1997)). Preventing an objecting party from articulating the objection after having invited the party to object does not fulfill the requirements, nor the spirit, of *Bostic*. Moreover, while defense counsel was not given an opportunity to detail his objection, he did object, seeking to "preserve for the record the Court's denial of the request for a downward variance." (*Id.*)

Accordingly, we find that the proper standard of review is abuse of discretion.

## III. ANALYSIS

We will address each of Defendant's arguments in turn.

- 6 -

**A. Request for a Variance**

Under 18 U.S.C. § 3553(c), the sentencing judge must state "the reasons for its imposition of the particular sentence." "The appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon circumstances. . . . The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). "The question in each case is whether the record makes clear that the sentencing judge listened to each argument, considered the supporting evidence, was fully aware of the defendant's circumstances and took them into account in sentencing him." *United States v. Gapinski*, 561 F.3d 467, 474 (6th Cir. 2009) (quotation marks and alteration omitted). We have allowed sentences to stand where the district court failed to respond to an argument that "lack[ed] any factual basis or legal merit" or that "present[ed] issues that are 'conceptually straightforward.'" *Simmons*, 587 F.3d at 361 (quoting *Vonner*, 516 F.3d at 388 (*en banc*)). By contrast, "[w]hen, on appeal, a defendant's argument and supporting evidence presents an arguably meritorious claim for a lesser sentence, but there is little to suggest that the district court actually considered it, then remand may be appropriate." *United States v. Gale*, 468 F.3d 929, 940 (6th Cir. 2006).

Here, the district court denied the downward variance and stated several reasons for its decision, describing Defendant's history and characteristics as "a series of reckless irresponsible, and illegal actions." (R. 150 at PageID 621). Specifically, the district

court noted that: (1) Defendant's criminal history category of VI, which included charges for domestic violence, multiple breaking and enterings, fleeing and eluding police, felonious assault of an officer, possession of marijuana, and possession of cocaine (*Id*. at PageID 611, 616, 620–21), was accurately reflected in the P.S.I.R.; (2) Defendant received lenient sentences for previous drug and violent crimes (*Id.* at PageID 614–15, 620–21, 622); and (3) Defendant exhibited a disrespect for the law, as reflected by his willful driving violations (*Id.* at PageID 620). Defendant urged a downward variance based primarily on: (1) his limited role; and (2) his criminal classification. (R. 138 at PageID 526–527).

### 1. *Limited role*

Defendant maintains that the district court failed to consider his arguments that he did not fully participate in the conspiracy to the extent his co-defendants participated and that he did not participate for the full duration of the conspiracy. Additionally, Defendant claims that the district court failed to address his argument regarding the length of his involvement in the conspiracy.[3]

---

[3] In his Sentencing Memorandum, Defendant explained that he only knew one of his co-defendants, Mr. White, who recruited him to the conspiracy after it had begun. (R. 128 at PageID 496). Defendant was not a leader or originator of the scheme. He was involved only to the extent that he brought money the day of the scheduled drug purchase in order to buy a quantity of cocaine for himself to re-sell. Defendant was not aware that one of the other co-defendants had brought a gun to the deal. (*Id.* at PageID 494). Further, Defendant was relegated to a car outside the hotel where and when the deal was to be consummated. (*Id.*)

By contrast, Mr. Jones (a co-defendant) met with the confidential informant ("CI") on two occasions and had spoken with the CI on the telephone on numerous occasions. (R. 128 at PageID 493). Mr. Jones recruited others to the conspiracy, and had asked the CI to purchase "more than 13 ounces." (*Id.*) In fact, even though there is no evidence to suggest that Defendant ever intended to "buy in" for more than nine ounces, Mr. Jones informed the CI on the day of the arrest that he wanted "a total of 22.5 ounces of powder cocaine." (*Id.*)

The court provided sufficient bases for rejecting Defendant's limited role argument. The district court agreed with the Government's contention that the "small player" description did not fit any of the conspirators. (R. 150 at 617–18). The district court found that Defendant's $9,000 cash contribution to the conspiracy was "a lot of money," and the product of a career as a cocaine dealer. (R. 150 at PageID 618–19). In fact, Defendant's $9,000 was 40 percent of the planned purchase, more than any other co-defendant's contribution. (R. 128 at PageID 493–94). Accordingly, the court properly found:

> [W]hether he was a big fish or a little fish is not of great consequence in a conspiracy unless the person didn't fully participate, but clearly Mr. Caper participated. Participation was not of long duration, but it was a participation that but for the intervention of police would have obviously come to fruition.

(R. 150 at PageID 622). The district court clearly and properly rejected the notion that Defendant was less than a full participant.

### 2.    *Criminal classification*

Next, Defendant claims that his criminal history was overrepresented by his classification as a career offender. Specifically, Defendant argues that while the district court catalogued his criminal history (reciting his convictions), the court erred in not concluding that his criminal history category was overstated by his career offender status.

Defendant's argument is undermined by the fact that he did not object to his criminal history classification at sentencing. Moreover, the district court detailed Defendant's "troubling" criminal history, including drug offenses and violent crimes which consumed five pages of the P.S.I.R. (R. 150 at PageID 614–15, 620–22).

Accordingly, the district court rebutted Defendant's claim that his criminal history category was overstated by his career offender status.

## B. Section 3553(a) Factors

A foundational principle of the sentencing procedure established in 18 U.S.C. § 3553 is that the sentence is to be individualized. The judge "must make an individualized assessment based on the facts presented." *Gall*, 552 U.S. at 50. "In making that determination, the sentencing judge is obliged to consider the unique circumstances of the defendant's case in light of the factors set out by Congress in 18 U.S.C. § 3553(a)." *United States v. Herrera-Zuniga*, 571 F.3d 568, 582 (6th Cir. 2009). The sentencing judge need not list each of the § 3553(a) factors. However, the record must show that the judge actually considered the factors. *United States v. McBride*, 434 F.3d 470, 476 n.3 (6th Cir. 2006) ("While the district court need not explicitly reference each of the section 3553(a) factors, there must still be sufficient evidence in the record to affirmatively demonstrate the court's consideration of them.").

When a judge sentences within the guidelines, as he did here, such sentences do not "necessarily require lengthy explanation[s] because [c]ircumstances may well make clear that the judge rests his decision upon the [Sentencing] Commission's own reasoning that the Guidelines sentence is a proper sentence (in terms of § 3553(a) and other congressional mandates) in the typical case." *Vonner*, 516 F.3d at 387 (internal quotation marks omitted). In reviewing such a sentence, the question is whether the district court listened to the parties' arguments, considered the evidence, and was aware of the defendant's

circumstances. *Id.* Moreover, "conceptually straightforward" sentencing arguments do not require expansive discussion. *Simmons*, 587 F.3d at 361–62.

Defendant argues that his "history and characteristics" weighed in favor of a variance below the recommended guideline range. Specifically, Defendant claims that: (1) he was a small player in the conspiracy; (2) he endured a difficult and abusive childhood; and (3) his drug addiction caused his crime. These arguments are conceptually straightforward and Defendant's sentence was within the advisory Guidelines range, which obviated the need for expansive sentencing discussion. *Simmons*, 587 F.3d at 361–62. In fact, Defendant's arguments were analogous to those made in *Vonner*, which required only a minimal showing that the district court considered the factors. 516 F.3d at 384, 387–88 (finding the following arguments "conceptually straightforward": (1) the mental and emotional trauma from a neglected and abusive childhood; (2) the nature and the length of pre-sentence confinement; (3) the assistance to the Government, and (4) the circumstances surrounding cocaine sales).[4]

The district court noted several factors undermining Defendant's arguments: his criminal history, his significant involvement in the conspiracy, his lack of employment, and his lack of adult responsibility. (R. 150 at PageID 617–23). The court discussed Defendant's criminal history in detail and explained that the minimum Guidelines sentence

---

[4] Defendant cites *United States v. Ferguson*, 518 F. App'x 458 (6th Cir. 2013) in support of his argument. However, in *Ferguson*, the district court remained silent on the established facts supporting the defendant's variance arguments—his "undisputed lesser role in the overall operation" and the "de minimis" amount of crack cocaine involved (less than one-half of a gram). *Id*. at 466. Here, the district court explained that the Defendant was fully involved in the offense which involved more than 500 grams of cocaine and where the Defendant's $9,000 contribution was more than any other conspirator contributed. (R. 128 at PageID 493–94).

was necessary for deterrence and to protect the public. Additionally, the court expressly stated that the following § 3553(a) factors supported the within-Guidelines sentence: (1) the seriousness of the offense; (2) the nature and circumstances of the offense; (3) the need for adequate deterrence; (4) the need to protect the public; and (5) Defendant's history and characteristics. (*Id.* at PageID 617–22). Accordingly, the district court made the requisite individualized assessment in considering Defendant's arguments and the relevant § 3553(a) factors. (*Id.* at PageID 617–23).

## C. Reasoned Basis

"Review for substantive reasonableness focuses on whether a sentence is adequate, but not greater than necessary to accomplish the sentencing goals identified by Congress in 18 U.S.C. § 3553(a)." *United States v. Cochrane*, 702 F.3d 334, 345 (6th Cir. 2012) (internal quotation marks omitted). "A sentence may be considered substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Conaster*, 514 F.3d 508, 520 (6th Cir. 2008). A sentence that falls within a defendant's Guidelines range is accorded a presumption of reasonableness. *Herrera-Zuniga*, 571 F.3d at 590.

"The essence of a substantive-reasonableness claim is whether the length of the sentence is greater than necessary to achieve the sentencing goals set forth in 18 U.S.C. Section 3553(a)." *United States v. Corp*, 668 F.3d 379, 386 (6th Cir. 2012) (internal quotation marks omitted).

Here, the district court discussed Defendant's criminal history in detail and explained that the minimum Guidelines sentence was necessary for deterrence and to protect the public. *See, e.g., United States v. Rodriguez-Solano*, 525 F. App'x 351, 356 (6th Cir. 2013) (even if the district court erred in not addressing defendant's argument in greater detail, he failed to show that the error affected his substantial rights where the court "gave a detailed explanation of why it imposed the sentence that it did."). As explained *supra*, the court did not select its sentence arbitrarily and discussed all of the relevant § 3553(a) factors. In sum, Defendant has not overcome the presumption of reasonableness that attaches to his within-Guidelines sentence.

## IV.  CONCLUSION

For the foregoing reasons, we **AFFIRM** the sentence of the district court.